## Claude Gagne v. Dominic Losorda and Louise Losorda

[409 A.2d 597]

No. 311-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed December 4, 1979

*Kolvoord, Overton & Wilson,* Essex Junction, for Plaintiff.

*Robert H. Moyer* of *Conley and Foote,* Middlebury, for Defendant.

**Per Curiam.** The proceedings below in this case are so fraught with error as to require a reversal and new trial as a matter of substantial justice.

The trial court, of its own motion, treated the hearing "somewhat as a small claims case," despite the fact that the

amount involved was several times the $500.00 maximum contemplated by the statute, 12 V.S.A. § 5531(a), and the rule, D.C.C.R. 80.3. Whatever may be said for the failure of the defendant, appearing pro se, to object to this irregularity and to the extensive statement then made by plaintiff's attorney, nothing in the small claims procedure, even had it been applicable, authorizes treating an attorney's statement as evidence. This is far more than the "hearing in a summary manner" envisioned by the rule, D.C.C.R. 80.3(g), and without this statement the evidence is not supportive of the judgment rendered. Even had the attorney been sworn, he could scarcely have qualified as an expert on the reasonable value of claimed extras under a construction contract.

Moreover, perhaps because of the summary nature of the hearing below, no mention of the defendant Louise Losorda appears in the transcript. Nor is the original contract between the parties, which, on argument, they concede to have run to a corporate entity rather than to the individual plaintiff for whom judgment was rendered, mentioned in the record.

Only the fact that the outlined errors were clearly induced by the trial court's sua sponte actions dissuades us from entering judgment here for the defendants. We will, rather, reverse and remand for a new trial.

*Judgment reversed and cause remanded.*