# Charles Reuther v. Marilyn Gang

[507 A.2d 972]

No. 82-333A

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed February 7, 1986

*Thomas J. Politano*, Wilmington, for Plaintiff-Appellee.

*Marilyn Gang*, pro se, West Dover, Defendant-Appellant.

**Gibson, J.** This is an appeal from an order of the Windham District Court denying defendant's motion for relief from judgment under V.R.C.P. 60(b). We reverse.

In January, 1980, plaintiff commenced an action against defendant for nonpayment of rent and utility bills, and for ejectment. Plaintiff later filed a supplemental complaint alleging that further rent and utility payments were due. Defendant, appearing pro se, filed an answer to both complaints; the second response contained a counterclaim against plaintiff.

On August 27, 1980, the trial court set a trial date of October 17, 1980, and notified the parties by letter dated August 28, 1980. On October 3, 1980, defendant requested a continuance because the trial date conflicted with a business conference in Montreal. The trial court denied defendant's request after determining that rescheduling would result in undue hardship to the plaintiff, who had already made arrangements to take time off from his job in New York City in order to attend the trial. Defendant subsequently telephoned the trial court from Montreal on the morning of October 17, 1980 and again requested a continuance, stating that she was unable to get to the court as scheduled. This request was also denied.

Plaintiff and his attorney were present at the time set for trial; defendant was absent. The trial court entered a default judgment against defendant in the sum of $712.82. Defendant subsequently moved for relief from judgment, relying on V.R.C.P. 60(b)(1), (3), and (6). The motion was denied. On appeal, defendant argues that the trial court abused its discretion in denying her Rule 60(b)(6) motion because the trial court did not provide her with the statutorily required three-days' notice before it entered a default judgment against her. See V.R.C.P. 55(b)(3).

■ A Rule 60(b) motion for relief from judgment " 'is addressed to the discretion of the trial court and is not subject to appellate review unless it clearly and affirmatively appears from the record that such discretion was withheld or otherwise abused.' " *Darken* v. *Mooney*, 144 Vt. 561, 566, 481 A.2d 407, 410 (1984) (quoting *Zinn* v. *Tobin Packing Co.*, 140 Vt. 410, 414, 438 A.2d 1110, 1113 (1981)). The defendant has the burden of proving an abuse of that discretion. *Id.* at 566, 481 A.2d at 411. We further note, however, that "relief from judgment under V.R.C.P. 60(b)(6) is, by its very nature, invoked to prevent hardship or in-

justice and thus is to be liberally construed and applied." *Cliche* v. *Cliche*, 143 Vt. 301, 306, 466 A.2d 314, 316 (1983).

A review of the record reveals that at the time of trial, the trial court took note of defendant's absence and then requested a recitation of the supporting facts from plaintiff's attorney. No evidence was taken on the merits of the complaint nor did plaintiff testify as to the truth of his attorney's statement.

■ Although there are rulings to the contrary, we agree with those authorities that have concluded that where the defendant has not appeared for trial, but has otherwise appeared and defended the action, an entry of a default judgment is improper. The plaintiff must present evidence and thereby prove his or her case, just as if defendant had been present at trial. See, e.g., *Bass* v. *Hoagland*, 172 F.2d 205, 210 (5th Cir.), *cert. denied*, 338 U.S. 816 (1949); *Coulas* v. *Smith*, 96 Ariz. 325, 330, 395 P.2d 527, 529 (1964); *Garrison Carpet Mills* v. *Lenest, Inc.*, 65 Ohio App. 2d 251, 254, 417 N.E.2d 1277, 1279-80 (1979); 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2682, at 409-10 (1983).

■ Defendant here had answered both complaints and had filed a counterclaim against plaintiff. Her requests for a continuance evidenced her intent to continue to defend the action. The trial court in this case erred when it did not proceed to take testimony; the unsworn statement of plaintiff's attorney cannot support the judgment rendered. See *Gagne* v. *Losorda*, 137 Vt. 614, 615, 409 A.2d 597, 598 (1979).

■ We further note that even if the court was operating under the erroneous assumption that an entry of default would be proper in a case such as this, Rule 55(b)(3) requires that three-days' notice must be given before the court may enter a default judgment. See *Bass* v. *Hoagland, supra*, 172 F.2d at 210. The defendant in this case was never given such notice. As was stated by the Fifth Circuit Court of Appeals in *Bass* v. *Hoagland, supra*, 172 F.2d at 210, "[t]o get such a judgment without evidence and without notice is not in our opinion due process of law." We therefore conclude that the trial court abused its discretion when it denied defendant's Rule 60(b) motion for relief.

*Reversed and remanded.*