## James C. Leiter v. Anna M. Pfundston and James W. Wright, Inc.

[556 A.2d 90]

No. 87-470

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed December 23, 1988

*Guarino & Terino*, White River Junction, for Plaintiff-Appellee.

*Robert H. Opel* and *Emily B. Tartter* of *Paterson, Walke & Pratt, P.C.*, Montpelier, for Defendant-Appellant.

**Dooley, J.** Defendant Anna M. Pfundston appeals from the denial of her motion to set aside a judgment awarding plaintiff approximately $19,600 in damages. The litigation arose when an agreement by defendant to sell land to plaintiff fell apart. Plaintiff sued to recover a deposit he had paid, shelter expenses, mov-

ing costs, court costs and attorney's fees. On July 2, 1987, the case was heard in the defendant's absence and judgment was entered for the plaintiff. We affirm.

Plaintiff served his complaint on the defendant on September 19, 1985. Defendant's counsel filed an answer, but then a year later withdrew from the case leaving defendant to proceed pro se. The case was originally scheduled for a hearing on March 25, 1987. Defendant, due to ill health, requested and was granted a continuance, and the case was rescheduled for May 26, 1987. On the day of the rescheduled hearing, the court received a letter from defendant's doctor stating that she was to have surgery on May 28, 1987, and a second continuance was granted until July 2, 1987. Shortly before this third hearing date a letter was sent to the court by defendant's daughter requesting further postponement due to defendant's ill health. While the court did not respond to the third request, the case was not continued. Defendant failed to make an appearance and plaintiff went forward with his evidence in defendant's absence.

On July 20, 1987, the trial court issued its findings and order awarding damages to plaintiff.[1] On August 17th, the defendant, through counsel, moved under V.R.C.P. 55 and 60(b) to set aside the judgment alleging "mistake, inadvertence and/or excusable neglect." After a hearing, the court denied the motion and awarded plaintiff terms of $150.00.[2] This appeal followed.

Defendant makes three arguments on appeal. First, she argues that the judgment was by default and that the denial of her motion to set it aside was error because a default judgment is an inappropriate remedy for failure to appear at trial, especially without the procedural protections of V.R.C.P. 55(b)(3). Second, she argues that she presented sufficient grounds for Rule 60(b) relief in part because she was a pro se defendant. Third, she claims that the award of attorney's fees and costs in the judgment was error. To answer defendant's first argument, we must first

---

[1] The deposit in this case was held by a real estate agency, James W. Wright, Inc., which was also named as a defendant. The agent appeared and defended at the July 2 hearing. The judgment order actually awarded damages against the agent equal to the amount of the deposit.

[2] Shortly before the hearing on the Rule 60(b) motion, defendant's doctor sent a letter to the court stating that defendant was recuperating from cataract surgery and could not travel to the court for any hearings. Defendant has not made any claims based on this letter.

determine whether the judgment here was a default judgment. We conclude that it was not.

Defendant's assertion that the July 2, 1987 hearing resulted in a default judgment is based on this Court's decision in *Reuther v. Gang*, 146 Vt. 540, 507 A.2d 972 (1986). The circumstances in *Reuther* were similar to those involved here, except that the plaintiff's attorney in *Reuther* recited the facts supporting a judgment and did not put on any evidence. This Court found that a judgment issued on such a recitation is a default judgment and that a default judgment is improper where the defendant has appeared in the case and is also improper in the absence of three-days notice under V.R.C.P. 55(b)(3). Under *Reuther* a default judgment is involved where no evidence is taken on the merits of the complaint and the plaintiff does not testify as to the truth of the assertions. *Id.* at 542, 507 A.2d at 973. After determining that a default judgment was improper, the *Reuther* Court went on to hold that "[t]he plaintiff must present evidence and thereby prove his or her case, just as if defendant had been present at trial." *Id.*

*Reuther* clearly sanctions the procedure used in this case — that the plaintiff puts on a case and receives judgment based on the evidence. The judgment issued in such a case is not a default judgment. As the Reporter's Notes to the 1988 amendment to V.R.C.P. 55 state:

> This procedure . . . is based on the need to proceed with fairness to both sides in a civil dispute. Given that a trial has been scheduled and that the defendant either has not requested a continuance or has been denied a continuance, the plaintiff generally must expend the time and money to [proceed to trial]. No sound reason exists for, in effect, granting the defendant a continuance simply on the ground that the defendant has not appeared.[3]

Accordingly, there was no error in the procedure followed by the trial court.

Defendant argues that it was error for the trial court to deny her V.R.C.P. 60(b) motion because she established "mistake, in-

---

[3] These Notes also suggest that the procedure of going forward with the presentation of evidence "departs from *Reuther v. Gang*." To the extent the Notes find in *Reuther* a prohibition of the procedure used in this case, they have misconstrued *Reuther*.

advertence, surprise, or excusable neglect." V.R.C.P. 60(b)(1). In making this argument, defendant emphasizes that she was proceeding pro se and had grounds for a continuance because of her ill health. Assuming that defendant's daughter's letter to the trial court was a motion for a third continuance, we proceed as if the trial court's ruling constituted a denial of her motion.[4] We turn, therefore, to whether defendant established grounds for a continuance and whether the holding of the trial court took unconscionable advantage of defendant in light of her pro se status.

A Rule 60(b) motion is addressed to the discretion of the trial court and will not be disturbed on appeal in the absence of abuse of discretion. *Nobel/Sysco Food Services, Inc.* v. *Giebel*, 148 Vt. 408, 410, 533 A.2d 1195, 1196 (1987); *Green Mountain Bank* v. *Magic Mountain Corp.*, 148 Vt. 247, 247-48, 531 A.2d 604, 605 (1987). We cannot find abuse on this record. The motion for a third continuance failed to include a supporting affidavit as required by V.R.C.P. 40(d). See *Thorburn* v. *Town of Norwich*, 141 Vt. 242, 244, 448 A.2d 141, 142 (1982) (dismissal justified for failure to comply with V.R.C.P. 40(c) & (d)). Even if defendant had fully complied with V.R.C.P. 40(d), she had no right to a continuance. The granting of a continuance lies within the discretion of the trial judge. *Kokoletsos* v. *Frank Babcock & Son*, 149 Vt. 33, 35, 538 A.2d 178, 179 (1987) (granting of continuance is a matter of discretion and a ruling must be upheld unless the discretion is exercised upon grounds clearly untenable, or to an extent clearly unreasonable); *Cartin* v. *Continental Homes of N. H.*, 134 Vt. 362, 365, 360 A.2d 96, 99 (1976).

Defendant had on two occasions requested and received continuances due to her ill health. Thus, the court was solicitous of defendant's condition. But the trial court must balance the protection of defendant's rights against the plaintiff's right to have his case heard and decided in a reasonable fashion. In balancing these interests the trial court could refuse further delay despite defendant's pro se status. It was not an abuse of discretion for the trial court to deny defendant's request for a continuance.

Finally, defendant argues that it was error for the trial court to deny her motion to set aside the judgment because it

---

[4] The court asked the clerk to explain the nature of the daughter's letter and a telephone call reiterating her position and request. It then asked plaintiff for a response. Based on the plaintiff's response and the statements and letter of the daughter, the court ruled "we're going to allow [plaintiff] . . . to go forward."

included the award of attorney's fees and costs. Vermont follows the "American Rule," which states that attorney's fees and costs are to be paid by each party unless otherwise provided by statute or contract. *In re Gadhue,* 149 Vt. 322, 327, 544 A.2d 1151, 1154 (1987); *Albright* v. *Fish,* 138 Vt. 585, 590-91 422 A.2d 250, 254 (1980). In the case at bar the trial court found that the parties had entered into a valid purchase and sale agreement, which contained language providing that the prevailing party to a lawsuit would be entitled to receive from the other party reasonable attorney's fees to be determined by the court. A review of the record, including the findings of fact and order, does not show that the trial court either withheld or abused its discretion. See *Harlow* v. *Miller,* 147 Vt. 480, 481-82, 520 A.2d 995, 997 (1986); *Reuther* v. *Gang,* 146 Vt. at 541, 507 A.2d at 973; *Estate of Emilo* v. *St. Pierre,* 146 Vt. 421, 423, 505 A.2d 664, 665 (1985). Absent an abuse of discretion we will not disturb the trial court's ruling.

*Affirmed.*