# Wool & Murdoch v. Gerald Devost

[566 A.2d 987]

No. 88-067

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed September 1, 1989

*Wool & Murdoch,* pro se, Burlington, Plaintiff-Appellee.

*Rexford & Kilmartin,* Newport, for Defendant-Appellant.

**Dooley, J.** Plaintiff partnership sued defendant for legal services rendered, and obtained a default judgment which defendant has appealed. We reverse and remand.

Following service of the complaint on December 9, 1985, defendant entered an appearance through his attorney, filed an answer, and moved to dismiss. There was no progress on the case until November 23, 1987, when the district court sent a notice that a civil calendar call would be held on December 7, 1987, and that failure to attend the calendar call would result in entry of default. Defendant moved for a continuance on November 30, 1987, because his counsel was trying a case in another court, but no continuance was granted. Defendant's counsel did not appear on December 7, 1987, and the trial court entered a default judgment in favor of plaintiff, setting December 24, 1987, as a date for defendant to contest the entry of default. A notice was sent by the court to defendant on December 12, 1987 purporting to advise him of the default and

his opportunity to contest it. However, the standard form notice simply indicated that defendant was to appear on that date, "for the following: __X__ Motion: DAMAGES."

On receiving the notice, defendant's counsel again sought a continuance, this time because of his daughter's wedding in Florida, and moved to strike the default. The court denied the motion at the December 24th hearing and went forward, without the presence of defendant or his counsel, to accept plaintiff's affidavit of the amount due. On January 6, 1988, the court ordered that judgment be entered in plaintiff's favor for $3,250.85. The present appeal followed.

This case is squarely governed by *Reuther v. Gang*, 146 Vt. 540, 507 A.2d 972 (1986), where we held:

> Although there are rulings to the contrary, we agree with those authorities that have concluded that where the defendant has not appeared for trial, but has otherwise appeared and defended the action, an entry of a default judgment is improper. The plaintiff must present evidence and thereby prove his or her case, just as if defendant had been present at trial.

*Id.* at 542, 507 A.2d at 973 (citations omitted). The Court held in *Reuther* that the unsworn statements of plaintiff's attorney could not support the default judgment. *Id.* Here, there were not even unsworn representations of plaintiff to show defendant owed the bill for legal services.

■ *Reuther* was decided on February 7, 1986. Subsequently, on March 1, 1988, this Court adopted amendments to V.R.C.P. 55 (and consequently to D.C.C.R. 55) which modified the default judgment procedure required by *Reuther* in cases where the defendant had appeared. See Reporter's Notes, V.R.C.P. 55. The amendment is prospective only and does not govern this case. See D.C.C.R. 86(b). Thus, *Reuther* governed this case and plaintiff was required to put on evidence to obtain a judgment. See *Leiter v. Pfundston*, 150 Vt. 593, 595, 556 A.2d 90, 91–92 (1988).

■ Plaintiff attempts to avoid the application of *Reuther* because in the case at bar there were two hearings and the judgment order was entered only after defendant was given an opportunity to contest the default. We do not read *Reuther*

as allowing such an exception. In any event, the notice of the second hearing here was inadequate to apprise defendant of the opportunity to avoid the default and contest on the merits.

*Reversed and remanded.*