## Kevin and Andrew Jordan v. State of Vermont, Agency of Transportation

[702 A.2d 58]

No. 96-196

Present: **Gibson, Dooley, Morse and Johnson, JJ., and Allen,**[1] **C.J. (Ret.), Specially Assigned**

Opinion Filed July 3, 1997

---

[1] Chief Justice Allen sat at oral argument but did not participate in this decision.

*Colleen Conti*, Underhill, for Plaintiffs-Appellants.

*Jeffrey L. Amestoy*, Attorney General, and *Scott A. Whitted*, Assistant Attorney General, Montpelier, for Defendant-Appellee.

**Gibson, J.** Kevin and Andrew Jordan appeal an order of Franklin Superior Court dismissing their petition for review of an Agency of

Transportation (AOT) fuel-tax assessment. The Jordans argue that the court erred in ruling that they failed to exhaust their administrative remedies because they did not attend the administrative hearing where their appeal was initially considered. We agree that failure to attend an administrative proceeding does not necessarily preclude judicial review of an agency action, and remand for a de novo hearing on the fuel-tax assessment.

The basic facts are not in dispute. In August 1995, AOT informed the Jordans by mail that a business audit indicated they owed $15,179 in fuel taxes, interest, and penalties. The letter included notice that administrative appeal was available but must be requested within thirty days or they would lose their right to judicial review. The Jordans submitted a timely notice of appeal to AOT, which scheduled a hearing for September 1995. Following two postponements at the Jordans' request, a hearing was scheduled for November 28, 1995. The Jordans failed to appear on the day of the hearing, and on December 1, 1995, AOT informed the Jordans that it had found the amount of the assessment, interest, and penalty to be proper.

In January 1996, the Jordans filed a petition for de novo hearing of the assessment in Franklin Superior Court pursuant to 23 V.S.A. § 3023. Two months later the court granted AOT's motion to dismiss, holding that the Jordans had failed to fully exhaust their administrative remedies because they had not attended the November hearing, and consequently had lost their right to judicial review of the assessment. This appeal followed.

██ ██ A party's failure to exhaust administrative remedies permits a court to dismiss the action for lack of subject matter jurisdiction. *DiLaura v. Power Auth. of N.Y.*, 982 F.2d 73, 79 (2d Cir. 1992); 5A C. Wright & A. Miller, Federal Practice and Procedure § 1350, at 194-95 (1990). Dismissal for lack of subject matter jurisdiction, see V.R.C.P. 12(b)(1), is reviewed de novo, with all uncontroverted factual allegations of the complaint accepted as true and construed in the light most favorable to the nonmoving party. See *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990); cf. *Reynolds v. Sullivan*, 136 Vt. 1, 3, 383 A.2d 609, 611 (1978) (similar standard applies to motion for judgment on pleadings under V.R.C.P. 12(c)).

██ This Court has consistently held that when administrative remedies are established by statute or regulation, a party must pursue, or "exhaust," all such remedies before turning to the courts for relief. *In re D.A. Assocs.*, 150 Vt. 18, 20, 547 A.2d 1325, 1326 (1988).

This long-settled rule of judicial administration serves the dual purposes of protecting the authority of the administrative agency and promoting judicial efficiency. *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992). Therefore, where an agency has jurisdiction to decide an issue, a court will not interfere with the agency's decision-making unless and until all administrative remedies have been invoked, *In re R.L.*, 163 Vt. 168, 171, 657 A.2d 180, 183 (1995), except where the party qualifies for an exemption. See 2 C. Koch, Administrative Law and Practice § 10.24[4] (Supp. 1996) (presumption is that exhaustion is required; burden rests on party seeking to bypass administrative process to show that exception applies); see, e.g., *Stone v. Errecart*, 165 Vt. 1, 4, 675 A.2d 1322, 1325 (1996) (futility exception has no place in face of clear legislative command that exhaustion is required).

The Jordans contend the trial court erred in concluding that they failed to exhaust their administrative remedies. We agree. A person against whom diesel fuel taxes have been assessed may request appeal of that assessment to the Commissioner of Motor Vehicles within fifteen days of mailing of the notice. 23 V.S.A. § 3019. Failure to request appeal within that period results in the assessment becoming final. *Id.* But a person who timely appeals the assessment and who remains dissatisfied with the result may have the "decision, order or finding of the commissioner . . . reviewed under Rule 75 of the Vermont Rules of Civil Procedure" in superior court. *Id.* § 3023(a). Judicial review is de novo, *id.*, and "shall be the exclusive remedy available . . . for review of a decision of the commissioner." *Id.* § 3023(b).

 The record indicates that the Jordans fully complied with these procedures. On August 4, 1995, AOT mailed the Jordans a letter listing the amount of the assessment and notifying them of their right to administrative appeal.[2] Twelve days later, the Jordans returned a

---

[2] The Jordans apparently contest the adequacy of the notice because it referenced the right to appeal under the Regional Fuel Tax Assessment (RFTA) (pursuant to 23 V.S.A. § 3021(b)(3), Commissioner may enter agreements for reciprocal enforcement of fuel use tax laws; notice provisions under RFTA may vary from those under § 3019), instead of citing 23 V.S.A. § 3019. We find, however, that the RFTA notice provisions are materially equivalent to or more generous than the notice requirements under § 3019. The major distinction is that under § 3019 the Jordans would have received only fifteen days from the mailing date of the notice to file their appeal, whereas under RFTA they received thirty days from the date they received notice. Thus, they received *more* time to file their appeal under RFTA than they would have received under § 3019. More importantly, the Jordans requested, and were granted, their administrative appeal. Thus, they have failed to demonstrate how they were prejudiced by

letter expressing disagreement with the assessment and requesting an appeal. A hearing was scheduled for November 28, 1995. Although the Jordans failed to attend the hearing, a decision was issued on December 1, 1995, stating that "[t]he hearing finds that the assessment, interest and penalty [were] proper" and noting that a revised bill showing the amount now due would be mailed separately. Having requested and received administrative review of the assessment, the Jordans were within their statutory rights to seek de novo review of the Commissioner's December 1995 decision in superior court pursuant to 23 V.S.A. § 3023.

■ AOT argues, however, that the Jordans' failure to appear at the November hearing resulted in the administrative equivalent of a default judgment, and that they therefore failed to complete the administrative appeal process. By implying that a default judgment would fail to satisfy the exhaustion requirement, AOT raises the related, but distinct, issue of ripeness of an action for judicial review. With limited exceptions, it is our practice to decline to judge a case piecemeal and to require that the order appealed from be final. *In re Pelham North, Inc.*, 154 Vt. 651, 652, 578 A.2d 124, 124 (1990); see 2 Koch, *supra*, § 10.31, at 194 (judicial review available only after agency has spoken decisively on issue and when judicial involvement in dispute will settle it). "Finality insures that the case has reached an administrative conclusion and any decision a court reaches will be authoritative." 2 Koch, *supra*, § 10.31, at 194 (footnote omitted). Therefore, finality is required even where the authorizing statute does not expressly so state. See *Carolina Power & Light Co. v. United States Dep't of Labor*, 43 F.3d 912, 914 (4th Cir. 1995) (judicial review limited to final orders, although statute broadly phrased to allow appeal of "order[s]"). Thus, even though the statute does not expressly limit judicial review to final agency actions, but rather allows review of "any decision, order or finding of the commissioner," 23 V.S.A. § 3023(a), we agree with AOT that the trial court has jurisdiction to review only final orders of the Commissioner of Motor Vehicles.

For an order to be final, it must have disposed "'of all matters that should or could properly be settled at the time and in the proceeding then before the [decision-making body].'" *In re Central Vermont Ry.*,

---

receiving notice under RFTA rather than under § 3019. See *Paradis v. Kirby*, 138 Vt. 524, 528, 418 A.2d 863, 865 (1980) (party claiming error has burden of showing prejudice).

148 Vt. 177, 178, 530 A.2d 579, 580 (1987) (quoting *In re Estate of Webster*, 117 Vt. 550, 552, 96 A.2d 816, 817 (1953)). AOT argues, in essence, that the 1995 decision was not final because the Jordans failed to attend the hearing, and that the Jordans therefore have no right to judicial review.

There is no indication from the record, however, that the December 1995 decision was not final. The letter noted that the Jordans failed to appear, but in no way suggested that their absence affected consideration of their claim. The language implies that the decision was issued on the merits, stating that "[t]he hearing finds that the assessment, interest and penalty [were] proper." In addition, there is no indication that AOT requested a dismissal or default judgment, or that any such request was considered by the hearing examiner. In the absence of any evidence in the record to the contrary, we presume that the Agency's December 1995 decision was issued on the merits and thus was final.

 Contrary to AOT's assertion, the finality of the decision does not fail simply because the Jordans did not attend the hearing. Finality does not hinge on whether all parties to the appeal were physically present during the proceeding, but rather whether the decision fully addressed the issues and was based on the evidence. See *Leiter v. Pfundston*, 150 Vt. 593, 595, 556 A.2d 90, 92 (1988). Thus, in *Leiter*, the judgment was not by default where the plaintiff went forward with presentation of evidence despite the defendant's absence at trial. *Id.* at 594-95, 556 A.2d at 91-92. In comparison, in *Reuther v. Gang*, 146 Vt. 540, 542, 507 A.2d 972, 973 (1986), judgment was by default where, upon the defendant's absence at trial, the plaintiff's attorney merely recited the facts supporting the plaintiff's claim, without the plaintiff ever testifying as to the truth of the statements. Here, the Jordans assert that they would have presented evidence at the hearing to show that fuel taxes were properly paid "at the pump," but their failure to present this evidence did not prevent the hearing examiner from reviewing the assessment for error based on the evidence before him at the time. Because the December 1995 decision was capable of being decided, and appears to have been based, on the merits, the Jordans' absence does not affect the finality of that decision.[3] Having received a final decision pursuant to 23

---

[3] The dissent asserts that other jurisdictions have found attendance and presentation of evidence to be determinative on the finality issue. But in doing so the dissent misconstrues our holding. It is not initiation of the appeal process that satisfies the

V.S.A. § 3019, the Jordans acted within their rights in appealing that decision to the superior court pursuant to 23 V.S.A. § 3023.

In light of our decision, we do not address the Jordans' assertion that they were not required to exhaust their administrative remedies. We also need not consider whether the trial court erred when it failed to exempt them under the irreparable-injury exception.

*Reversed and remanded.*

**Morse, J.,** dissenting. Contrary to the Court, I do not believe that merely stepping through the motions of the administrative process by filing a timely notice of appeal comports with the exhaustion-of-remedies doctrine. The taxpayers' total disregard of administrative procedure in failing to appear and present evidence or argument at the administrative hearing should result in a forfeiture of the right to judicial review on the merits. The Court's holding to the contrary contradicts all of the policy reasons for having an exhaustion rule. Accordingly, I would affirm the well-reasoned decision of the superior court dismissing the taxpayers' appeal for lack of subject matter jurisdiction.

After receiving notice that additional fuel taxes were owing, taxpayers filed an appeal with the Commissioner of Motor Vehicles pursuant to 23 V.S.A. § 3019. The Commissioner subsequently notified taxpayers that a hearing on their appeal had been scheduled and that they were to "appear through yourself and/or counsel to show why the . . . assessment . . . was not proper." At taxpayers' request, the hearing was twice rescheduled, each time followed by an identical notice. Taxpayers ultimately failed to appear at the hearing,

---

exhaustion requirement. Rather, we leave it to the agency to decide whether a party's failure to appear precludes the agency from considering the merits of the appeal. If so, the agency should dismiss the action, in which case there is no decision on the merits and the party that failed to pursue its appeal is foreclosed from subsequent judicial review. If, however, the agency moves forward and addresses the merits, the absent party retains the right to judicial review of that decision within the bounds of the law. The cases cited by the dissent support this approach. See *Boyd v. Supervisor of Assessments,* 471 A.2d 749, 751 (Md. Ct. Spec. App. 1984) (appealing party failed to exhaust administrative remedies where assessment board dismissed appeal after party's failure to appear); *Marquart v. Director of Revenue,* 896 S.W.2d 716, 717-18 (Mo. Ct. App. 1995) (licensee failed to exhaust administrative remedies where administrative hearing officer entered default judgment after licensee failed to appear at hearing); *Mullenaux v. State,* 651 P.2d 724, 726-27 (Or. 1982) (plaintiffs forfeited right to judicial review when hearing officer dismissed appeal after plaintiffs failed to appear at hearing); cf. *Purtill v. Harris,* 658 F.2d 134, 138-39 (3d Cir. 1981) (remanded to allow plaintiff to amend complaint to allege that agency's adverse decision on first count satisfied exhaustion requirement).

either in person, through counsel, or by way of affidavit, resulting in an administrative decision upholding the assessment. Taxpayers thereupon appealed the Agency's decision pursuant to 23 V.S.A. § 3023, which provides for a hearing de novo in superior court. The statutory appeal constitutes a taxpayer's "exclusive remedy" from an adverse administrative decision. *Id.* § 3023(b).

The Agency moved to dismiss the taxpayers' appeal on the ground that they had failed to exhaust their administrative remedies by declining to appear and argue their claim before the commissioner. The trial court granted the motion, ruling that taxpayers may not complain about an administrative hearing they elected not to attend, nor contest a result they might well have avoided had they chosen to appear at the hearing to address the merits. To hold otherwise, the court ruled, would circumvent the statutory scheme, and defeat the underlying purposes of the exhaustion doctrine.

The trial court's ruling was correct. Exhaustion of administrative remedies is required to afford the parties and the courts the benefit of the administrative agency's experience and expertise, and to afford the agency the opportunity to cure its own errors. Allowing complainants to bypass their administrative remedy would erode the agency's authority and effectiveness. *McKart v. United States,* 395 U.S. 185, 193-95 (1969). Exhaustion serves the interests of the courts as well, inasmuch as a complaining party *successful* at the administrative level may never have to seek judicial review. *Id.* at 195. Indeed, the whole purpose of the administrative review process is to resolve the majority of complaints at that level, thereby relieving the courts of a task for which they are not nearly so well suited. Hence, the general rule is that a failure to exhaust deprives the court of subject matter jurisdiction. *Stone v. Errecart,* 165 Vt. 1, 6, 675 A.2d 1322, 1326 (1996).

Understood in the light of these purposes, it is readily apparent that exhaustion of remedies does not mean the mere initiation of administrative procedures. Rather, it means the initiation and pursuit of them to their appropriate conclusion by appearing, presenting evidence or argument, and receiving a final decision. Otherwise, the agency would effectively be frustrated in its ability to render informed and reliable decisions, and the courts would be burdened by unnecessary cases that might otherwise have been terminated below. Thus, affording judicial review where the complainant has requested an administrative hearing but failed to attend, contradicts the purposes of the exhaustion rule.

For these reasons, other jurisdictions have specifically held that the invocation of an administrative appeal followed by an unexcused

failure to appear at the subsequent hearing amounts to a failure to exhaust administrative remedies and is fatal to the complainant's judicial appeal. See, e.g., *Purtill v. Harris*, 658 F.2d 134, 138 (3d Cir. 1981) (allowing plaintiffs to abandon administrative remedies they initiated in order to take their claims to court would "frustrate the ability of the agency to deal with complaints . . . [and] unnecessarily burden courts with cases that otherwise might be terminated successfully"); *Roth v. City of Los Angeles*, 126 Cal. Rptr. 163, 169 (Ct. App. 1976) (property owners' failure to attend administrative hearing "precluded [them] from attacking the . . . procedure in this judicial action"); *Boyd v. Supervisor of Assessments*, 471 A.2d 749, 751 (Md. Ct. Spec. App. 1984) (taxpayer's failure to appear before tax board "frustrated totally its ability to play its part in the legislatively-established administrative process" and thereby failed "precondition for Tax Court jurisdiction"); *Marquart v. Director of Revenue*, 896 S.W.2d 716, 718 (Mo. Ct. App. 1995) (where "the licensee fails to exhaust his or her administrative remedies, . . . the circuit court lacks subject matter jurisdiction to hear a petition for review"); *Mullenaux v. State*, 651 P.2d 724, 727 (Or. 1982) (although plaintiffs requested an administrative hearing, "their failure to appear at the hearing or to offer any evidence or argument at all on their own behalf . . . forfeited their right of judicial review on the merits"); *Webb County Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 954-55 (Tex. 1990) ("[I]f the taxpayer is not required to appear at the protest hearing in order to appeal to district court, the administrative hearing process would become useless. . . . [T]axpayers . . . must appear . . . as a prerequisite to an appeal to district court.").

In some cases, as the Court notes, the agency may enter a default judgment against the complainants; in others, it may simply deny the protest. See, e.g., *Webb*, 792 S.W.2d at 952 (when tax protesters failed to appear, agency "denied the protest and left the valuation unchanged"). There is no requirement, however, that the agency enter a default judgment as a prerequisite to a finding of nonexhaustion. The onus is on the complainant, not the agency.

The Court is nevertheless persuaded that taxpayers were entitled to judicial review because, following the hearing at which they failed to appear, the agency wrote them a letter stating that it had found the assessment to be "proper." The Court construes this as a "final" decision on the merits, and thus concludes that taxpayers "acted within their rights in appealing that decision to the superior court." 166 Vt. at 515, 702 A.2d at 62. The reasoning is unpersuasive. As

noted, a final administrative ruling is a *necessary* condition to judicial review, but it is not a *sufficient* condition. The agency's ruling did not alter the fact that taxpayers abandoned the administrative process they had initiated. They never presented to the commissioner evidence they now claim would have shown that their taxes were paid "at the pump," evidence which, if persuasive, would have made the instant appeal moot. The circumstances thus present a textbook example of the importance of exhaustion as a precondition to judical review. Accordingly, I would affirm the judgment dismissing the action for lack of subject matter jurisdiction.