RAB Performance Recoveries v. Swanson, No. S2171-09 CnSc (Toor, J., May 12, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
CHITTENDEN COUNTY

| | |
|---|---|
| RAB PERFORMANCE RECOVERIES<br>  Plaintiff<br><br>  v.<br><br>MELISSA L. SWANSON<br>  Defendant | SUPERIOR COURT<br>Docket No. S2171-09 CnSc |

ORDER TO SHOW CAUSE

This small claims case was set for hearing before the undersigned on May 4, 2010. Plaintiff's counsel appeared without any witnesses. Defendant did not appear and no counsel appeared for him. Plaintiff requested that the court enter a default judgment for plaintiff at the time of trial based upon defendant's failure to appear, saying that is the usual practice in small claims court. The court indicated that it would consider the request and issue a written decision.

The court views this case as raising two issues. One is whether a default judgment is appropriate for a defendant's failure to appear at trial. The other is whether dismissal for failure to prosecute is appropriate for a plaintiff's failure to appear ready to proceed to trial.

1. The Request for Default

The small claims rules say nothing about what happens if a defendant does not appear at trial. However, they refer "by analogy" to the applicable civil rules. V.R.S.C.P. 13. Rule 55 of the civil rules states that where a defendant has answered but fails to appear at trial, as in this case, "the plaintiff may either move for default or proceed to trial." V.R.C.P. 55(b) (6).

The automatic, immediate default requested by Plaintiff, however, is not what is foreseen by the rule. Instead, it must be read in concert with subdivision (b)(4), which requires that if a defendant has filed an answer or otherwise appeared prior to the trial date, no default judgment may be entered except "after hearing, upon at least three days' written notice served by the clerk." V.R.C.P. 55 (b) (4). Alternatively, the plaintiff must proceed to trial and present its evidence.

Prior to the amendment of Rule 55 in 1988, the only option when a defendant had answered but failed to appear at trial was for the plaintiff to present its evidence:

> Although there are rulings to the contrary, we agree with those authorities that have concluded that where the defendant has not appeared for trial, but has otherwise appeared and defended the action, an entry of a default judgment is improper. The plaintiff must present evidence and thereby prove his or her case, just as if defendant had been present at trial.
>
> The trial court in this case erred when it did not proceed to take testimony; the unsworn statement of plaintiff's attorney cannot support the judgment rendered.

Reuther v. Gang, 146 Vt. 540, 542 (1984). *See also*, Archawski v. Hanioti, 239 F. 2d 806, 808 (2d Cir. 1956) (defendant's failure to appear was not a default where he had disputed facts in answer, and plaintiffs "were accordingly put to their proof"); Coulas v. Smith, 395 P. 2d 527, 530 (Az. 1964) ("if the defendant fails to appear at the trial a judgment on the merits may be entered against him on proper proof"); W.H.H. Trice & Co., v. Faris, 829 A. 2d 189, 193 (D.C. 2003) (where defendant had answered but failed to appear for trial, proper course was to proceed with the trial, "requiring the plaintiff, Faris, to prove liability as well as damages"); Reese v. Proppe, 443 N.E.2d 992, 997 (Ohio App. 1981) (where defendant has answered, it is error "to obviate the responsibility of a plaintiff to prove his or her case"); 10A Wright, Miller & and Kane, Federal Practice & Procedure,

Civil 3d § 2682 (West, Westlaw though 2010 update) ("A defendant who has participated throughout the pretrial process and has filed a responsive pleading, placing the case at issue, has not conceded liability. Unlike a default, if the trial proceeds in the absence of the defendant, the court should require plaintiff to present evidence supporting liability, as well as damages, and a judgment should be entered in plaintiff's favor only if the evidence supports it.").

The Court in Reuther noted in dicta that even if default *had* been an option, the proper procedure for default had not been followed because the court had not "provide[d] [Defendant] with the statutorily required three-days' notice before it entered a default judgment against her." Reuther, 146 Vt. at 541, 542.

In 1988, Rule 55 was amended to respond to Reuther by permitting the option of a default judgment when a defendant fails to appear for trial. V.R.C.P. 55, Reporter's Notes –1988 Amendment, pp. 290-91. However, that does not mean that default may be entered at the time of trial as plaintiff here requested. The Notes clarify that when a defendant has previously appeared (e.g., by filing an answer) but fails to appear at trial, "there must be a separate hearing on the request for default judgment. The hearing cannot be held until the clerk has provided the defendant with three days' written notice." Id. *See also*, Housing Foundation v. Beagle, No. 2007-474, 2008 WL 3976570, at *2 (Vt. Aug. Term 2008) (mem.) ("The rule was amended to clarify that, in all cases where the defendant has appeared, the court must provide notice and a hearing prior to default.").

The Notes go on to explain that the only other option is to proceed with the trial in the defendant's absence:

> Given that a trial has been scheduled and that the defendant
> either has not requested a continuance or has been denied a

3

continuance, the plaintiff generally must spend the time and money to have present all the necessary lay and expert witnesses, sometimes under subpoena. No sound reason exists for, in effect, granting the defendant a continuance simply on the ground that the defendant has not appeared. Instead, the plaintiff may proceed forward with the trial.

Reporter's Notes – 1988 Amendment, p. 291.

Thus, the options when a defendant fails to appear at trial are to take up the plaintiff's motion for default and schedule yet another hearing, at which presumably the witnesses must again appear, or take the evidence at the scheduled trial time. Wool & Murdoch v. Devost, 152 Vt. 433, 435 (1989) makes clear that the second hearing provides defendant "the opportunity to avoid the default and *contest on the merits*." (emphasis added). Thus, a plaintiff is clearly expected to have witnesses ready to present the merits of the case at both hearings. This is apparently why the Reporters Note suggests that it is an easier choice for a plaintiff to proceed to trial initially -- so its witnesses do not have to come twice.

In sum, the two options in this case on May 4 were for plaintiff to proceed with its evidence as scheduled, or to schedule a future hearing on the oral motion for a default judgment. The third choice requested by plaintiff – an immediate default judgment –was not an option.

## 2. The Plaintiff's Unreadiness for Trial

The discussion above, however, does not address the entire situation in this case. Not only was the defendant not present and ready to proceed, but the plaintiff was equally unready to proceed. Although plaintiff's counsel appeared, he came without witnesses and thus unprepared to present any evidence. The question, then, is whether plaintiff is entitled to request even a default hearing. If so, this means that both parties may come to

court unprepared for scheduled trials and gamble on whether the other side will show up. If plaintiff is not ready with witnesses at the appointed trial time, he may then ask the court for yet another hearing at which to present his evidence, using more court time in an already overburdened court system merely because he chose to delay his preparation for trial.

In essence, *both* parties here have failed to comply with the court's directive to appear and be ready to proceed to trial. If defendant *had* appeared, plaintiff would have had no way to establish its case. Although, as counsel for plaintiff pointed out, plaintiff's counsel could call the defendant as a witness, the defendant may offer nothing helpful to plaintiff's case, and even if useful on some issues is not in a position to testify to the exact amount due. In fact, in this case, defendant's answer expressly contested the amount due. More importantly, however, since the defendant did not appear, plaintiff had no way of proving its case at all. It was therefore entirely unprepared to proceed to trial in the absence of defendant.

Trials are set for the purpose of bringing a case to conclusion, not as optional events that parties may decide to be prepared for or not as they choose. It seems indisputable that if a plaintiff without good cause utterly fails to appear (meaning no party and no attorney), dismissal with prejudice is appropriate. "Judges must be firm and create the expectation that a case will go forward on the specific day that it is assigned. In order to dispose of our cases in a fair, timely, and efficient manner, everyone involved must be present on time, prepared, and ready to go forward." Gionfrido v. Wharf Realty, 193 Conn. 28, 33-4 (Conn. 1984) (citation omitted) (noting that it would "do a disservice

to the great majority of attorneys, who are conscientious, and to the litigants of this state" not to affirm trial court's dismissal based on party's failure to appear at trial).

The question here is whether sending an attorney alone, without any evidence to present, can avoid that result. As the court in Reese noted, courts must be mindful of "the essential nature of burdens of proof in our system for dispute resolution, and … any order upsetting these burdens of proof is inordinately drastic…" 443 N.E.2d at 997. If plaintiff's counsel appears without any witnesses to present evidence, in direct disregard of the fact that the case has been scheduled for the presentation of evidence, the court views this an absence of proof to support the plaintiff's case. "An action may be dismissed under … Rule 41(b) if the plaintiff, without offering some explanation that is satisfactory to the court, is not ready to present his or her case at trial." 9 Wright, Miller & Kane, Federal Practice & Procedure, 3d ed. § 2370 (West, Westlaw through 2010 update). "Where a plaintiff does not appear at the trial date or, as in this case, is inexcusably unprepared to prosecute the case, Rule 41(b) dismissal is particularly appropriate." Knoll v. American Telephone & Telegraph Co., 176 F. 3d 359, 364 (6th Cir. 1999). This "constitutes the epitome of 'failure to prosecute.'" Id. As the Second Circuit has said, "[i]t is beyond dispute under our precedent that a district court may dismiss a case under Rule 41(b) when the plaintiff refuses to go forward with a properly scheduled trial." Lewis v. Rawson, 564 F.3d 569, 580 (2d Cir. 2009) (internal quotation omitted). See also, Moffit v. Illinois State Board of Education, 236 F. 3d 868, 873 (7th Cir. 2001) ("One naturally expects the plaintiff to be present and ready to put on her case when the day of trial arrives. A litigant's day in court is the culmination of a lawsuit, and trial dates--particularly civil trial dates--are an increasingly precious commodity in our

nation's courts."). The Plaintiff having the burden of going forward, the only appropriate result in such a situation is dismissal with prejudice. [1]

Order

Plaintiff's motion for a default judgment against defendant is denied. Although the court "may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so," Link, 370 U.S. at 633, the court will permit plaintiff to be heard before ruling. The case will be dismissed with prejudice unless plaintiff shows good cause within ten days why it should not be dismissed.

Dated at Burlington this          day of May, 2010.

_____
Helen M. Toor
Superior Court Judge

---

[1] It is also clear that Rule 41 does not prohibit a court from sua sponte dismissal in such a situation, despite the language of the rule suggesting that the motion must be made by the defendant. Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) ("Neither the permissive language of the Rule--which merely authorizes a motion by the defendant--nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); Theilmann v. Rutland Hospital, 455 F. 2d 853, 855 (2d Cir. 1972) ("the authority to invoke [dismissal]  for lack of prosecution, both on defendant's motion and sua sponte, is an inherent" power of the court).

7