*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-451

MAY TERM, 2014

| | | |
|---|---|---|
| Roy H.A. Watson III | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| The Village at Northshore I Association, Inc. | } | DOCKET NO. 835-8-13 Cncv |

Trial Judge: Dennis R. Pearson

In the above-entitled cause, the Clerk will enter:

Plaintiff, an owner of a unit in a common-interest community, filed a declaratory judgment action against defendant, the governing association. Defendant moved to dismiss on account of plaintiff's failure to exhaust contractual remedies provided for in the association's governing documents. The court granted the motion and dismissed the case without prejudice. On appeal, plaintiff argues that he complied with all of the requirements of the applicable bylaws and rules, and that dismissal on the basis of his failure to do so was unwarranted. We agree that on the basis of this record dismissal was premature or unwarranted, and reverse and remand.

The applicable statutory and contractual framework is not in substantial dispute. Defendant is a common-interest community. Defendant's powers are defined by Vermont's Common Interest Ownership Act. 27A V.S.A. §§ 1-101 to 4-120. Under the statute, owners' associations "[m]ay require that disputes between the executive board and unit owners or between two or more unit owners regarding the common interest community must be submitted to nonbinding alternative dispute resolution as a prerequisite to commencement of a judicial proceeding." Id. § 3-102(a)(16). Defendant is governed by association bylaws. Those bylaws were attached as an exhibit to plaintiff's complaint, and include a provision empowering defendant

> To require, by Rule, that disputes between the Board of Directors and Unit Owners or between two or more Unit Owners regarding the Common Interest Community must be submitted to nonbinding alternative dispute resolution in the manner described in the regulation as a prerequisite to commencement of a judicial proceeding.

Defendant also has adopted rules. Those rules, which were also attached to the complaint, contain a section on conflict resolution that provides in part:

> Written complaints shall be made to the management company and, if not satisfactorily resolved, then in writing to the Board of

Directors.  Complaints from a unit owner may be directed by the Board to the Conflict Resolution Committee for mediation and resolution.  If the Conflict Resolution Committee is unable to mediate said dispute, then upon notice and hearing to the affected parties, the Conflict Resolution Committee shall take evidence from the parties and make a written recommendation of resolution to the Board of Directors.

Plaintiff filed suit in August 2013, alleging that defendant had breached certain covenants and statutes, and seeking a declaratory judgment delineating those breaches.  The complaint was fifty-four pages long and contained thirty-five exhibits.  In lieu of an answer, defendant moved to dismiss for lack of subject matter jurisdiction, alleging that plaintiff had failed to pursue or exhaust the remedies provided by the governing documents by failing to make a written complaint to the management company or the Board of Directors, and to engage in alternative dispute resolution (ADR).  In the alternative, defendant requested that the matter be stayed to permit the parties to engage in mediation.[1]

Plaintiff filed a response framed as both an opposition to defendant's motion to dismiss and as a motion to strike.  On the merits of the motion to dismiss, he alleged that he had complied with the contractual remedy by already raising most[2] of the issues in the complaint with the Board—most recently by submitting a letter to the Board in January 2013—and the Board resolved the issues without exercising its authority to refer the questions for ADR pursuant to the rules.  He also claimed that although the Board was empowered to create a rule requiring ADR, the enacted rule did not so require, but made the mediation process voluntary.  Plaintiff stated that he was not "averse to allowing" mediation, and he would "happily agree to non-binding mediation" as long as the judicial proceedings were stayed and not abandoned.

Defendant responded that dismissal was appropriate because the grievances plaintiff had previously submitted to the Board were different from those in the complaint.  In any event, defendant stated that it was appropriate to stay the proceedings because plaintiff expressed a willingness to engage in ADR.

The trial court denied the motion to strike, noting that there was nothing "impertinent or scandalous" about the motion to dismiss.  V.R.C.P. 12(f).  On the merits, the trial court granted the motion to dismiss based on its conclusions that the bylaws required nonbinding ADR, plaintiff consented to engage in ADR, and no mediation had occurred.  Plaintiff appealed the dismissal and the denial of the motion to strike.

We affirm the trial court's denial of plaintiff's motion to strike.  A motion to strike is not designed as a mechanism for presenting disputes about law or fact; it authorizes the court to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." V.R.C.P. 12(f).  Because the motion to strike in this case was nothing more than an alternative method for presenting plaintiff's factual and legal disagreements with defendant's motion to dismiss, the trial court properly denied plaintiff's motion to strike.

---

[1]  On the same day, plaintiff filed a motion for default judgment based on defendant's failure to file an answer.  The court denied this motion.

[2]  Plaintiff admitted that he had not previously raised the " 'Unit Expansions' issue" that formed one basis for his civil complaint.

We review a dismissal for lack of subject matter jurisdiction de novo, and accept as true all factual allegations in the complaint. Jordan v. State Agency of Transp., 166 Vt. 509, 511 (1997); see V.R.C.P. 12(b)(1) (allowing party to file motion to dismiss for lack of jurisdiction over subject matter prior to filing answer).

To the extent that the trial court predicated its dismissal on its view that defendant association's rules compelled pre-suit mediation in all cases, we read the relevant rule differently. The rule apparently in effect at the time did not authorize plaintiff to invoke the mediation requirement; it gave the board discretion to refer, or not refer, complaints to mediation. In particular, it stated: "Complaints from a unit owner may be directed by the Board to the Conflict Resolution Committee for mediation and resolution." If plaintiff duly raised his complaints with the Board as required by the rule, and the Board opted to decide the disputed questions without referring the matter to the Conflict Resolution Committee, the lack of mediation would not stand as an obstacle to plaintiff's pursuing his claims in court.[3]

There does not seem to be any substantial dispute that defendant did not refer plaintiff's complaints to mediation prior to this lawsuit. There is a substantial dispute as to whether plaintiff did, in fact, raise each of the claims in this lawsuit in prior complaints to the Board. Because the trial court dismissed the case based on its view that the Association's rules require mediation in every case as a precondition to litigation, the trial court did not address these questions in its entry order. In his appeal brief, plaintiff cites the documents in the record that he contends reflect his prior submission of issues to the Board. Any dismissal of claims on the ground that plaintiff failed to raise them to the Board must be based on an assessment of the evidence as it relates to each claim after each party has had the opportunity to present pertinent materials.[4]

To the extent that the trial court dismissed plaintiff's claims because both parties had expressed an interest in and agreement to mediation, a stay of the proceedings to facilitate such mediation would have been appropriate.

On a final note, plaintiff has submitted facts and evidence on appeal pertaining to events that occurred after he filed his notice of appeal. In his appellate brief, plaintiff claims that he submitted his complaint to the association board for mediation two days after dismissal, and he raises arguments based on these facts, particularly related to the futility of mediation. Defendant,

---

[3] Much of the parties' briefing addresses whether compliance with the association rule setting forth defendant's dispute-resolution process is properly characterized as a "jurisdictional" prerequisite as opposed to an element of the underlying claim. Because we conclude that the undisputed facts do not support defendant's claim that plaintiff did not comply with these requirements, we need not rehash our discussions of this question at length. See Lamell Lumber v. Newstress Int'l, Inc., 2007 VT 83, ¶¶ 7-11, 182 Vt. 282 (stating that arbitration agreement does not divest court of its general jurisdiction to adjudicate contract claims, and agreement to arbitrate can be waived).

[4] Although the trial court dismissed plaintiff's claims on the pleadings, it acknowledged that it had considered matters outside of the initial pleadings. It is not entirely clear from the record whether the parties had notice that the matter would be adjudicated on a summary judgment standard. See V.R.C.P. 12(c) (stating that motion to dismiss on pleadings may be treated as summary judgment if parties submit matters outside pleadings and they are given opportunity to present pertinent materials).

in response to plaintiff's recitation of what occurred, has included its own version of the events. This Court's review is limited to the record introduced below. V.R.A.P. 10(a). Because the events took place after plaintiff filed his notice of appeal and were not before the trial court when it issued its decision, we do not consider any facts related to those events or documents submitted for the first time on appeal.

We affirm the trial court's denial of plaintiff's motion to strike, and reverse the trial court's dismissal of plaintiff's claims and remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part and remanded.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice