*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-235

APRIL TERM, 2016

| | | |
|---|---|---|
| Michael Rinaldo | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Green Mountain Self Storage and Jim O'Dell | } | DOCKET NO. 332-8-13 Bncv |

Trial Judge: John P. Wesley

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the court's decision granting judgment for defendant Jim O'Dell. We affirm.

Plaintiff filed suit against defendants Green Mountain Self Storage and Jim O'Dell regarding belongings of his in several storage units. Plaintiff alleged that Green Mountain illegally allowed his personal property to be sold from storage units rented under other names. Plaintiff also asserted that he had belongings in a storage unit not rented in his name and defendant O'Dell purchased the contents with the understanding that plaintiff would receive his belongings. The trial court granted defendant Green Mountain's motion for summary judgment on the grounds that Green Mountain did not sell plaintiff's property from the unit plaintiff rented and had no duty to notice plaintiff regarding the sale of property in units owned by others.

In a three justice order, this Court affirmed the grant of judgment in favor of Green Mountain. See Rinaldo v. Green Mountain Self Storage, No. 2014-223, 2015 WL 196342 (Vt. Jan. 9, 2015) (unpub. mem.). Because the court's reasoning did not apply to the claims against O'Dell, the judgment in favor of O'Dell was reversed and that claim was remanded.

On remand, the trial court held a hearing on the merits of the claims against O'Dell. Plaintiff appeared and testified. He stated that he had placed personal property in two storage units not rented to him. When he saw the units were noticed for an auction sale, he went to the auction. He saw O'Dell there and asked O'Dell to bid on the contents and in return promised to pay O'Dell for the amount of the bid. O'Dell was the winning bidder, but plaintiff was forced to leave before he could see the contents of the unit or retrieve property from O'Dell. He did not repay O'Dell for the amount of the bid and did not receive any property from O'Dell. Plaintiff could not itemize the contents of the units and admitted he did not know what was lost. Defendant O'Dell did not appear at this hearing. In his answer, he admitted that he was at the auction and bid on items in a unit, but denied making an agreement with plaintiff. He stated that the items in the unit were worthless.

The court found that plaintiff's testimony regarding the agreement he made with O'Dell was not credible and concluded that there was insufficient evidence to support a conclusion that there was a contract between plaintiff and O'Dell. The court further concluded that, even if there was a contract, plaintiff failed to demonstrate that he incurred any damages. Therefore, the court entered judgment for defendant O'Dell. The court also subsequently denied plaintiff's motion for default judgment on the grounds that it was untimely filed and lacked a basis because, although defendant O'Dell did not appear at trial, he did file an answer in the case. Plaintiff appealed.

Plaintiff's appeal raises several arguments concerning Green Mountain's actions in noticing the sale, cleaning out the storage unit, and conducting the sale of items. Because plaintiff's claims against Green Mountain were fully adjudicated in the prior appeal and this Court's remand was specific to plaintiff's claim against O'Dell, we do not address these arguments. See Coty v. Ramsey Assocs., Inc., 154 Vt. 168, 171 (1990) (explaining that on remand trial court is limited to following specific directions and law of case precludes reconsideration of final decisions made by court of last resort).

As to the claims against O'Dell, plaintiff argues that the court misapprehended the facts and failed to give him adequate time to present his case. Because plaintiff has not ordered a transcript of the proceeding below, we lack a proper record to review plaintiff's claims regarding the conduct of the proceedings or the sufficiency of the evidence. See V.R.A.P. 10(b)(1) (requiring plaintiff to order transcript necessary for informed appellate review).

Plaintiff also argues that the court committed error in granting judgment to O'Dell and denying him a default judgment where O'Dell did not appear at the hearing. There was no error in denying plaintiff a default judgment because where a party has appeared in a case, as O'Dell did in this case by filing an answer, judgment can be entered only after a hearing with written notice to the defendant. V.R.C.P. 55 (b)(4). Plaintiff had the burden of presenting evidence and proving his case "just as if defendant had been present at trial." Reuther v. Gang, 146 Vt. 540, 542 (1986). Plaintiff fails to demonstrate that the court erred in granting defendant judgment based on the evidence submitted.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice

2