*Wheelock v. Centurion of Vt., LLC*, No. 257-5-16 Wncv (Teachout, J., Mar. 3, 2017).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                              **CIVIL DIVISION**
**Washington Unit**                                             **Docket No. 257-5-16 Wncv**

**WILLIAM FRANKLIN WHEELOCK, III**
    **Plaintiff**


    **v.**


**CENTURION OF VERMONT, LLC**
    **Defendant**

### DECISION
### Defendant's Motion to Dismiss

Plaintiff William Franklin Wheelock, III, an inmate in the custody of the Commissioner of the Department of Corrections, claims that personnel of Defendant Centurion of Vermont, LLC, which provides health services to Vermont inmates, improperly tapered down a narcotic prescribed to him, changed or eliminated other medications, failed to supply alternative healthcare addressing his medical needs, and improperly discussed his prescriptions in the presence of nonmedical personnel in violation of his HIPAA rights. He seeks injunctive relief. Defendant has filed a motion to dismiss, arguing that Mr. Wheelock failed to exhaust administrative remedies in that he did not pursue the Department of Corrections' grievance policy to completion.

In response to the motion to dismiss, Mr. Wheelock submitted an affidavit and supporting documents showing that he filed an informal complaint (Form 1).[1] Directive 320.01 § 7. On the exact same date, April 28, 2016, he filed a Grievance Submission Form (Form 2), initiating the formal grievance process. *Id*. § 10(a)(vi). He then, without pursuing the rest of the grievance process, filed a grievance directly with the commissioner, who apparently did not respond to it. He then filed this action. Mr. Wheelock argues that he did not fail to exhaust administrative remedies because 28 V.S.A. § 854(2) allows inmates to "communicate grievances directly to the commissioner."

While § 854(2) preserves a right to communicate grievances directly to the commissioner, that does not mean that doing so alone is sufficient to exhaust administrative remedies under the normal grievance procedure. This court has so ruled many times. See, e.g.,

---

[1] Written into the "Plan for Resolution" field on the informal complaint form is "File Grievance to Commission." There is no signature of any staff person on the signature line for a Correctional Staff person to sign and date and signify agreement to a resolution plan. Thus it appears that it was Mr. Wheelock's own plan to file his grievance directly with the commissioner rather than pursue the regular grievance procedure. There does not appear to be any instruction from the corrections officer who received the informal complaint to Mr. Wheelock to skip the normal grievance process and grieve directly to the commissioner. Mr. Wheelock does not allege that he was told to file directly with the commissioner or that he relied on that advice. His argument is that he did not need to follow the grievance procedure because 28 V.S.A. § 854(2) permitted him to grieve directly to the commissioner.

*Wool v. Cohen*, No. 825-12-15 Wncv (Vt. Super. Ct. May 27, 2016) (Tomasi, J.); *Wool v. Pallito*, No. 455-7-15 Wncv (Vt. Super. Ct. Apr. 18, 2016) (Tomasi, J.); *Ladd v. Hoffman*, No. 438-7-08 Wncv (Vt. Super. Ct. May 18, 2009) (Toor, J.). The grievance policy must be exhausted.

Where administrative remedies are available, they must be pursued to exhaustion "before turning to the courts for relief." *Jordan v. State Agency of Transp.*, 166 Vt. 509, 511 (1997). The failure to do so "permits a court to dismiss the action for lack of subject matter jurisdiction." *Id*.

Mr. Wheelock failed to exhaust his administrative remedies.

ORDER

For the foregoing reasons, Defendant's motion to dismiss is granted.

Dated at Montpelier, Vermont this 1st day of March 2017.


_____
Mary Miles Teachout
Superior Judge