# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| Vermont Unit | Docket No. 139-10-13 Vtec |
| | |
| SUPERIOR COURT | CIVIL DIVISION |
| Washington Unit | Docket No. 307-5-06 Wncv |

---

Bradford Oil Property "CAP"
State of Vermont vs. Bradford Oil Company, Inc.

---

## ENTRY REGARDING MOTIONS

Title:          Motion to Dismiss Appeals (Motion 2)
Filer:          Agency of Natural Resources
Attorney:       Mark J. DiStefano
Filed Date:     October 29, 2013
Docket No. 139-10-13 Vtec

Response filed on 10/31/2013 by Attorney George McNaughton for Cross Appellant Springfield Reg. Dev. Corp.
Response in opposition filed on 11/15/2013 by Attorney W. Scott Fewell for Appellant Bradford Oil Company
Reply filed on 12/03/2013 by Attorney Mark J. DiStefano for Agency of Natural Resources

**The motion is DENIED.**

Title:          Motion to Consolidate w/ Civil Div. Case (Motion 1) (No. 139-10-13 Vtec); Motion to Consolidate w/ Env. Div. Appeal (Motion 51) (No. 307-5-06 Wncv)
Filer:          Springfield Reg. Dev. Corp.
Attorney:       George McNaughton
Filed Date:     October 24, 2013 (Vtec); October 28, 2013 (Wncv)

Response in opposition filed on 11/12/2013 by Attorney Mark J. DiStefano for Agency of Natural Resources
Response in opposition filed on 11/12/2013 by Attorney W. Scott Fewell for Appellant Bradford Oil Company
Reply filed on 11/14/2013 by Attorney George McNaughton for Cross Appellant Springfield Reg. Dev. Corp.

**The motion is DENIED.**

**Motion to Dismiss Appeals**

Bradford Oil Company (Bradford) appeals the "Final Corrective Action Plan" (the CAP) issued by the Agency of Natural Resources (ANR or the Agency) relating to environmental contamination on Bradford's property in Springfield, Vermont.  The Springfield Regional Development Corporation (SRDC), the owner of property affected by the CAP, also challenges the CAP in a cross-appeal.

In a related civil enforcement matter, Bradford was found liable under 10 V.S.A. § 6615 for the contamination.  State v. Bradford Oil Co., No. 307-5-06 Wncv, slip op at 6–7 (Vt. Super. Ct. Oct. 25, 2012) (Teachout, J.), available at https://www.vermontjudiciary.org/20112015%20Tcdecisioncvl/2012-10-26-5.pdf.  The only remaining issue in that case is the court's determination of the appropriate remedy.  The civil matter has been specially assigned to the undersigned in order to coordinate a fair and efficient resolution of both the CAP appeals and the remedy determination in the civil matter.

The Agency has filed a motion to dismiss the two Environmental Division CAP appeals as being outside the subject matter jurisdiction of this Court.  Bradford and SRDC seek review of the CAP under 10 V.S.A. § 8504(a) which allows any person aggrieved by an act or decision of the Secretary of the Agency of Natural resources to appeal that act or decision to the Environmental Division.  The Agency argues that the CAP is expressly exempted by 10 V.S.A. § 8503(a).  Section 8503(a) excludes enforcement actions under Title 10 Chapters 201 (administrative enforcement) or 211 (civil enforcement) from § 8503(a) jurisdiction.  Thus, enforcement actions themselves are not appealable to the Environmental Division.  The Agency argues that because the CAP relates to the remedy sought in the ongoing civil enforcement action, this Court does not have jurisdiction to hear an appeal of the CAP.  Bradford argues that the approval and issuance of the Final Corrective Action Plan was an act or decision of the Agency separate from the enforcement action.

Section 8503(a) states that Chapter 220 "shall govern all appeals of an act or decision of the secretary, excluding enforcement actions under chapters 201 and 211 of this title and rulemaking, under [a list of] authorities" including "chapter 159 (waste management)."  10 V.S.A. § 8503(a), (a)(1)(N).  The Superior Court, Washington Unit Civil Division, recently interpreted the scope of Title 10 Chapter 220.  Ne. Res. Recovery Ass'n v. Agency of Natural Res., No. 595-9-13 Wncv, slip op. at 5–6 (Vt. Super. Ct. Oct. 10, 2013) (Toor, J.), available at https://www.vermontjudiciary.org/20112015%20Tcdecisioncvl/2014-2-11-12.pdf.  There, the Court noted that "[o]n its face, Title 10 appears to require that all challenges to any act of the Secretary of ANR or the Commissioner of the Department of Environmental Conservation be brought in the Environmental Division."  Id. at 6.  The Court further recognized that the terms "act" and "decision" are to be given their common meaning.  Id. at 6–7.  "A 'decision' has been defined as 'a determination or result arrived at after consideration . . . .'"  Town of Bennington v. Hanson-Walbridge Funeral Home, Inc., 139 Vt. 288, 292–93 (1981) (quoting Webster's New International Dictionary 2d ed. (1955)).  "Act" is defined as "[s]omething done or performed, esp. voluntarily; a deed."  Black's Law Dictionary (9th ed. 2009).

The Vermont Supreme Court has noted that judicial review of agency action requires that the action be final, "even where the authorizing statute does not expressly so state." Jordan v. Agency of Transp., 166 Vt. 509, 513 (1997).

> As a general matter, two conditions must be satisfied for agency action to be "final": First, the action must mark the "consummation" of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature.  And second, the action must be one by which "rights or obligations have been determined," or from which "legal consequences will flow."

Bennett v. Spear, 520 U.S. 154, 177–78 (1997) (internal citations omitted).

The CAP fits within the common definitions of "act" or "decision."  The Agency promulgated a draft CAP and received comments on that document from Bradford and SRDC. The Agency then issued the "Final" CAP.  This indicates a consummation of the decision making process regarding the corrective action the Agency determined was required at the property. Second, the CAP sets forth Bradford's obligations for corrective action as determined by the Agency through its technical expertise.

The Agency argues that despite this process and its possible consequences, the CAP is expressly exempted because it relates to the remedy in the ongoing Chapter 211 civil enforcement matter.  Subjecting decisions made in the ordinary course of ongoing civil enforcement litigation to de novo review in the Environmental Division would undermine the purpose of the exemption and lead to absurd results.  It is not clear to Bradford, SRDC, or this Court, however, that the CAP is solely part of the civil enforcement matter.  Given the extensive powers granted to the Agency to enforce environmental statutes, we are reluctant to read the exemption broadly to apply to any act or decision that "relates" to a civil enforcement action.  If the Agency intended to offer the CAP only as a proposed remedy in the enforcement matter, it could have clearly stated so.  Instead, the Agency issued the "Final Corrective Action Plan" with little indication that it was meant only as a proposal to the Civil Division.  Because the statute's plain language provides a broad right of appeal of the Agency's acts or decisions, and the Agency's act or decision is not clearly part of the exempted civil enforcement matter, we cannot proscribe Bradford's and SRDC's right to appeal.  Moreover, without concurrent jurisdiction, the principle of priority does not apply.  The Environmental Division has exclusive jurisdiction over appeals of acts or decisions of the Agency.  For these reasons, the Agency's motion to dismiss the CAP appeals is **DENIED**.

### Motion to Consolidate

We now turn to SRDC's Motion to Defer, Coordinate, and Consolidate.  As the parties correctly note, the two matters cannot be consolidated into one action without the consent of the parties.  V.R.C.P. 42(a).  Under that Rule, however, "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions . . . ."  Id.  Such joint proceedings are equivalent to the "coordinated" proceedings specifically allowed by the Vermont Rules for Environmental Court Proceedings.  V.R.E.C.P. 2(b).  The Rules of Evidence, which allow the court to dictate the order and manner in which evidence is presented, also support the trial court's discretion to hold a

joint evidentiary hearing.  V.R.E. 611(a).  Because both the Rules of Civil Procedure and the Rules for Environmental Court Proceedings allow for a joint trial, and due to the special assignment of the undersigned judge to both matters, the Court has the discretion to hold a joint evidentiary hearing on related matters.  Both the CAP appeal and the remedy determination in the civil enforcement action have a common factual and legal foundation and therefore the Court will hold a single hearing for both matters.

The two matters will not be consolidated into one single matter and therefore SRDC's motion to consolidate is **DENIED**.  The evidence for the two separate matters will, however, be taken at one hearing in order to ensure "the just, speedy, and inexpensive determination" of the two matters.  V.R.C.P. 1; see also V.R.E.C.P. 1 ("The rules shall be construed and administered to ensure summary and expedited proceedings consistent with a full and fair determination in every matter coming before the court.").  The joint hearing on these matters has been set for June 9, 10, and 11, 2014 with June 12, 2014 reserved, to be held at the Environmental Division in Berlin, Vermont.

_____                    _____March 6, 2014_____
Thomas G. Walsh, Judge                                                                      Date

Notifications:
W. Scott Fewell (ERN 3414), Attorney for Appellant Bradford Oil Company
Mark J. DiStefano (ERN 2510), Attorney for Interested Person Agency of Natural Resources
George McNaughton (ERN 3713), Attorney for Cross Appellant Springfield Reg. Dev. Corp.
Stephen S. Ankuda (ERN 3546), Attorney for Interested Person Town of Springfield