*Gay v. Menard*, 605-10-16 Wncv (Teachout, J., July 3, 2017)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 605-10-16 Wncv** |

**JEFFREY GAY**
      **Petitioner**

      **v.**

**LISA MENARD, COMMISSIONER,**
**Vermont Department of Corrections**
      **Respondent**

### DECISION
### The State's Motion for Summary Judgment

Inmate Jeffrey Gay seeks Rule 75 review of a decision by the Vermont Department of Corrections to not furlough him for a two-year period because, he asserts, the "case staffing" at which that decision was made relied at least in part on "inaccurate" information: that he acted violently in the course of his recent furlough violation.[1]  The State has filed a motion for summary judgment.  It asks the court to conclude that the furlough decision has a "permissible basis" and to not evaluate the accuracy of underlying facts that may have been relied upon.  Mr. Gay asks the court to deny summary judgment and set the case for trial, at which he evidently intends to establish the inaccuracy of those underlying facts.  Ultimately, he wants the court to remand for a new case staffing predicated on facts that are accurate.

The court declines to address the merits.  Mr. Gay was found to have violated furlough. He thus was referred for a "case staffing."  DOC Directive #410.02, Procedural Guidelines 5(f)(iii).  The case staffing occurred on April 6, 2016.  Affidavit of Cullen Bullard ¶ 6 (filed Jan. 27, 2017).  Mr. Gay did not like the outcome of the case staffing.  He initiated this lawsuit (in a different judicial unit) in June 2016 asserting that the case staffing relied on inaccurate facts.

He could have filed an administrative grievance to challenge his case staffing.  DOC Directive #410.02, Procedural Guidelines 11(b) (indicating that case staffings following furlough violations may be reviewed using the ordinary grievance system).  There is no indication or implication in the record of this case that Mr. Gay ever initiated a grievance or exhausted the grievance process.  "A party's failure to exhaust administrative remedies permits a court to dismiss the action for lack of subject matter jurisdiction."  *Jordan v. State Agency of Transp.*, 166 Vt. 509, 511 (1997).

Similarly, there is no indication that he administratively preserved any issue about reliance on inaccurate information.  "Preservation does not implicate a court's subject matter

---

[1] A police affidavit relating to the incident that led to the furlough violation includes detailed allegations that Mr. Gay punched someone in the face with a closed fist hard enough to break that man's nose.  This affidavit was included in the materials considered at the case staffing.

jurisdiction over an entire case. Instead, it affects a court's authority to hear and decide an issue; we have consistently held that we will not address issues that were not properly preserved before the relevant administrative agency." *Pratt v. Pallito*, 2017 VT 22, ¶ 16.

Additionally, inmates may ask the DOC to correct facts related to them pursuant to 28 V.S.A. § 107(d). "If the Department issues a final decision denying a request under this subsection, the offender or inmate may appeal the decision to the Civil Division of the Superior Court pursuant to Rule 74 of the Vermont Rules of Civil Procedure." *Id.* There is no indication that Mr. Gay ever filed such a request with the DOC which would have provided a basis for Rule 74 review pursuant to § 107(d).

The court concludes that it lacks subject matter jurisdiction over this case. It would not address the issue raised by Mr. Gay in any event because he failed to preserve it. Summary judgment will granted to the State to that effect. Because neither party briefed these issues, this decision will be stayed for 15 days, during which Mr. Gay may submit proof that he exhausted administrative remedies before filing this action and preserved any issues he seeks to raise here.

ORDER

For the foregoing reasons, the State's motion for summary judgment is granted. This decision is stayed for 15 days.

Dated at Montpelier, Vermont this _____ day of June 2017.

_____
Mary Miles Teachout
Superior Judge