*Morgan v. Menard*, 288-5-17 Wncv (Teachout, J., Oct. 27, 2017).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 288-5-17 Wncv** |

**MATTHEW J. MORGAN**
    **Plaintiff**

    **v.**

**LISA MENARD et al.**
    **Defendants**

**DECISION**
**The State's Motion to Dismiss**

Plaintiff–Inmate Matthew Morgan initiated this case claiming that the Department of Corrections unlawfully seized legal documents from his possession. The documents at issue apparently relate to other inmates' legal claims, not Mr. Morgan's. However, he apparently claims a right to assist other inmates that has been impeded by the document seizure. The State has filed a motion to dismiss arguing that the court lacks subject matter jurisdiction because Mr. Morgan never pursued and completed an administrative grievance.

"This Court has consistently held that when administrative remedies are established by statute or regulation, a party must pursue, or 'exhaust,' all such remedies before turning to the courts for relief." *Jordan v. State Agency of Transp.*, 166 Vt. 509, 511 (1997) (emphasis added); see also *Pratt v. Pallito*, 2017 VT 22 (discussing distinction between exhaustion and preservation).

Mr. Morgan concedes that he never pursued or completed the DOC's ordinary grievance process. See DOC Directive 320.01. Instead, he grieved directly to the Commissioner herself pursuant to 28 V.S.A. § 854(2), which provides: "All inmates shall be allowed to communicate grievances directly to the commissioner, and an inmate's right to file grievances shall not be restricted." The Commissioner responded as follows:

> You have communicated a grievance directly to the Commissioner pursuant to 28 V.S.A. § 854(2). Your grievance has been reviewed and it has been determined that your grievance is not an emergency grievance and does not allege serious employee misconduct, criminal activity or sexual, physical or psychological abuse or assault.

In other words, the Commissioner received the grievance and declined to exercise her discretion to take action or further address its substance without proper exhaustion of the ordinary grievance process.

Mr. Morgan's reliance on his direct grievance under § 854(2) in opposition to dismissal

here is misplaced. While § 854(2) preserves a right to communicate grievances directly to the commissioner, that does not mean that doing so alone necessarily avoids the obligation to exhaust administrative remedies under the normal grievance procedure. This court has so ruled many times. See, e.g., *Wheelock v. Centurion of Vermont*, No. 257-5-16 Wncv (Vt. Super. Ct. March 3, 2017) (Teachout, J.); *Wool v. Cohen*, No. 825-12-15 Wncv (Vt. Super. Ct. May 27, 2016) (Tomasi, J.); *Wool v. Pallito*, No. 455-7-15 Wncv (Vt. Super. Ct. Apr. 18, 2016) (Tomasi, J.); *Ladd v. Hoffman*, No. 438-7-08 Wncv (Vt. Super. Ct. May 18, 2009) (Toor, J.).

Here, the Commissioner's decision to not address the substance of Mr. Morgan's grievance pursuant to § 854(2) was well within her discretion. Mr. Morgan nevertheless was able to communicate that grievance to her directly. That ability to communicate is preserved by § 854(2). He was then, however, required to pursue and complete the ordinary grievance policy to exhaust his administrative remedies. Section 854(2) is not an escape hatch that enables inmates to simply skip the regular grievance process.[1]

Mr. Morgan did not exhaust his administrative remedies prior to filing this action. This court therefore lacks subject matter jurisdiction.

ORDER

For the foregoing reasons, the State's motion to dismiss is granted.

Dated at Montpelier, Vermont this _____ day of October 2017.

_____
Mary Miles Teachout,
Superior Judge

---

[1] The ordinary grievance policy contains a provision that requires staff to immediately forward a grievance alleging "serious employee misconduct" to their supervisor and requiring the supervisor to forward it immediately to the superintendent and the Department's hearings administrator, who forwards it to the "Agency of Human Services Personnel Administrator for investigation and response." DOC Directive 320.01, Directive Procedural Guidelines ¶ 14. This provision is triggered simply by filing an ordinary grievance with the qualifying allegations.