*Dow v. Menard*, 425-7-17 Wncv (Teachout, J., July 2, 2018)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                                  **CIVIL DIVISION**
**Washington Unit**                                                 **Docket No. 425-7-17 Wncv**

**MILES O. DOW, JR.**
    **Plaintiff**

    **v.**

**LISA MENARD, Commissioner,**
**Vermont Department of Corrections**
    **Defendant**

### DECISION
### The State's Motion to Dismiss

Plaintiff Miles Dow, an inmate in the custody of the Vermont Department of Corrections, seeks Rule 75 review of his disciplinary conviction for fighting with his cellmate, assault without bodily harm resulting. In his administrative disciplinary appeal, he asserted that there is "new evidence" and that the evidence against him was insufficient to support his conviction. The superintendent rejected his appeal because he had admitted his guilt and waived his rights to a hearing. Here, he renews the grounds for appeal he asserted administratively. He also asserts (in his amended complaint) that the hearing officer induced his waiver with an off-the-record promise that, among other things, he would not be removed from the Risk Reduction Program. However, he asserts that after filing grievances complaining about certain corrections officers, in retaliation, he was terminated from the Program and his grievance was denied.

The State has filed a motion to dismiss. It argues that most of the issues Mr. Dow is attempting to raise here were waived or not preserved in an administrative appeal or grievance that he exhausted, and his retaliation claim(s) are insufficiently pleaded to state a claim.

"A party's failure to exhaust administrative remedies permits a court to dismiss the action for lack of subject matter jurisdiction." *Jordan v. State Agency of Transp.*, 166 Vt. 509, 511 (1997). "Preservation does not implicate a court's subject matter jurisdiction over an entire case. Instead, it affects a court's authority to hear and decide an issue; we have consistently held that we will not address issues that were not properly preserved before the relevant administrative agency." *Pratt*, 2017 VT 22, ¶ 16. "[T]o properly preserve an issue, a party must present the issue to the administrative agency 'with specificity and clarity in a manner which gives the [agency] a fair opportunity to rule on it.'" *Id.* (citation omitted).

Mr. Dow's allegation of "new evidence" was presented to the DOC administratively. However, neither administratively nor here has he explained in any way what the new evidence is and what impact he thinks it could have. The issue of new evidence was not presented to the DOC with specificity and clarity in a manner which gave it a fair opportunity to rule on it. It thus was not preserved for review here.

Mr. Dow also asserted administratively that his conviction should be overturned due to "non-corroborating staff reports, lack of evidence and incomplete investigation of incident." These are sufficiency-of-the-evidence arguments. They are foreclosed by Mr. Dow's admission of guilt and waiver of an evidentiary hearing.

Mr. Dow's claim that he was *promised* that he would not be removed from the Risk Reduction Program and thus either he should not have been removed from the program or his conviction was wrongly induced by a false promise appears nowhere in any grievance or disciplinary appeal. The issue was not presented to the DOC administratively and thus was not preserved for review here.

Mr. Dow's claims that his removal from the Risk Reduction Program and the denial of his grievance about staff conduct were retaliation for having complained about staff conduct is insufficiently pleaded. "We understand the concern that retaliation claims by prisoners are prone to abuse. We support the notion that 'wholly conclusory' complaints alleging retaliation can be dismissed at the pleading stage." *In re Girouard*, 2014 VT 75, ¶ 16, 197 Vt. 162 (citation omitted). Mr. Dow offers nothing more than the wholly conclusory attribution of retaliatory intent to two administrative decisions without any more specific allegations in support of a cogent prima facie case. This is insufficient.

### ORDER

For the foregoing reasons, the State's motion to dismiss is granted.

Dated at Montpelier, Vermont this _____ day of June 2018.

_____
Mary Miles Teachout,
Superior Judge