*Carter v. Menard*, 562-9-16 Wncv (Teachout, J., Mar. 1, 2017)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**
**Washington Unit**

**CIVIL DIVISION**
**Docket No. 562-9-16 Wncv**

**BERNARD CARTER**
    **Plaintiff**

    **v.**

**LISA MENARD, COMMISSIONER,**
**VERMONT DEPARTMENT OF CORRECTIONS**
    **Defendant**

## ENTRY

Inmate–Plaintiff Bernard Carter alleges that the Department of Corrections repeatedly provided negligent healthcare to him for a broken toe, which healed improperly and now causes pain. He seeks $280,000 as compensation. He does not seek injunctive relief. The State seeks dismissal for lack of subject matter jurisdiction because Mr. Carter failed to exhaust his administrative remedies and failed to file a certificate of merit pursuant to 12 V.S.A. § 1042(a).

*Exhaustion*

The DOC's grievance policy applies generally to all conditions of confinement including any "matter relating to access to privileges, programs and services, conditions of care or supervision under the authority of the Department of Corrections, to include rights under the federal Americans with Disabilities Act." Directive #320.01, Procedural Guidelines ¶ 6(a). Claims based on the quality of medical treatment or those seeking compensatory damages are nowhere excluded from the policy, though there are special procedures for emergency and non-emergency grievances related to health. *Id*. ¶ 11. The grievance policy therefore appears to apply to Mr. Carter's claim, and he does not dispute that.

He also concedes that he failed to exhaust. He pursued a grievance to the point of filing an appeal to the Commissioner, but then filed this action before the Commissioner's time to respond had elapsed. Directive #320.01, Procedural Guidelines ¶ (15)(b)(i) (time to respond). No response came. Mr. Carter now seeks a stay so he can complete the grievance process and avoid dismissal.

In a previous case in which Mr. Carter failed to exhaust and sought a stay, the court explained: "The court also rejects Mr. Carter's request for a stay pending exhaustion. Exhausting administrative remedies while this lawsuit is pending, even if stayed, would undermine rather than reinforce the salutary purposes of the exhaustion requirement." *Carter v. Pallito*, No. 177-3-14 Wncv, 2015 WL 5176807 (Vt. Super. Ct. Jan. 5, 2015).

"A party's failure to exhaust administrative remedies permits a court to dismiss the action

for lack of subject matter jurisdiction." *Jordan v. State Agency of Transp.*, 166 Vt. 509, 511 (1997). The court lacks subject matter jurisdiction. Dismissal is appropriate. A stay is not.

*Certificate of merit*

Even if Mr. Carter had exhausted his administrative remedies, dismissal would be appropriate because he failed to file a certificate of merit. 12 V.S.A. § 1042. Section 1042(a) bars civil actions based on the negligence of a health care provider (other than informed consent claims) absent a certification that the plaintiff consulted with a medical expert who described the applicable standard of care and concluded that there is a reasonable chance that the plaintiff will be able to prove that the defendant deviated from that standard of care and that the deviation caused of the alleged injury. The only exception is where the court finds that the medical negligence claim is so obvious that it does not require expert support. 12 V.S.A. § 1042(e).

Mr. Carter's claim plainly would require expert support. Knowledge about broken toes, their treatment, and the consequences of errors in their treatment cannot reasonably be attributed to ordinary laypersons. He was required to file a 12 V.S.A. § 1042(a) certificate and has not.

The State's motion to dismiss is granted.

ORDER

The State's motion to dismiss filed November 14, 2016 is *granted*.

Plaintiff's cross motion to stay the proceedings filed November 30, 2016 is *denied*.

Dated at Montpelier, Vermont this _____ day of February 2017.

_____
Mary Miles Teachout
Superior Judge