VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 23-ENV-00124



| 53 North Pleasant St. Denial |
|---|

### ENTRY ORDER

Title:      Motion to Deny Town of Middlebury's Participation (Motion: 1)
Filer:      Kevin E. Brown, Esq.
Filed Date:      January 9, 2024

Memorandum in Opposition filed by Benjamin W. Putnam, Esq. on January 18, 2024.

**The motion is DENIED**.

This is an on-the-record appeal of a October 10, 2023 decision of the Town of Middlebury Development Review Board (DRB) denying Richard Tinsley's (Applicant) application to covert the second floor of a garage at property located at 53 North Pleasant Street, Middlebury, Vermont (the Property) into a recreational room for residential tenants. Presently before the Court is Applicant's motion to deny the Town of Middlebury's (Town) participation in this appeal. The Town opposes the motion.

The motion does not state what rule it is being made pursuant to, but the Court interprets the motion as to dismiss the Town for lack of standing to appear before the Court. Because standing is an element of subject matter jurisdiction, we review a motion to dismiss for lack of standing pursuant to V.R.C.P. 12(b)(1). Parker v. Town of Milton, 169 Vt. 74, 76 (1998); V.R.C.P. 12(b)(1). In considering a Rule 12(b)(1) motion, we accept "all uncontroverted factual allegations... as true and construe [them] in the light most favorable to the nonmoving party." Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245 (citing Jordan v. State Agency of Transp., 166 Vt. 509, 511 (1997)).

To appeal a zoning permit to this Court, one must be an interested person as that term is defined by 24 V.S.A. § 4465(b)(1)—(5). An interested person in this context includes "[t]he municipality that has a plan or a bylaw at issue in an appeal brought under

this chapter . . . ." 24 V.S.A. § 4465(b)(2).  Appealing a decision, however, is not the only means by which a person or entity may participate in proceedings before this Court. Pursuant to 10 V.S.A. § 8504(n), "[a]ny person may intervene in a pending appeal if that person . . . is a party by right."  A party by right includes "the municipality in which the project site is located . . . ." 10 V.S.A. § 8502(5)(C).

The Court has addressed the differences between these two provisions as they relate to municipalities in In re Champlain Oil Co. & MacDuff. No. 19-2-16 Vtec (Vt. Super. Ct. Envtl. Div. Aug. 1, 2016) (Walsh J.).  In that case, when concluding the at-issue municipality lacked standing to appeal the underlying decision to this Court, the Court specifically noted that:

> We pause to note that the standing requirement we discuss in this opinion—that [a] town plan or bylaw be "at issue"— applies only when a town *appeals* a decision of a municipal panel; it does not apply when towns participate as interested parties in municipal appeals initiated by other parties with standing because, under Title 10, towns may intervene as "parties by right" in appeals of projects within their borders. See 10 V.S.A. § 8504(n)(2) (allowing parties by right to intervene in municipal appeals); 10 V.S.A. § 8502(5)(C) (defining "party by right" as, among others, "the municipality in which the project site is located, and the municipal and regional commissions for that municipality.").

Id., slip op. at 3 (emphasis in original).

Unlike the municipality in Champlain Oil Co., the Town is not an appealing party in this matter and, therefore, the provisions of § 4465(b) are not the operative law. Instead, the Town's participation is governed by §§ 8502 and 8504.  The Town is a party by right because it is the municipality in which Applicant's project is located.  The Town may participate in the appeal in this capacity.  Thus, Applicant's motion to deny the Town's participation before this Court is **DENIED**.

Electronically signed this 1st day of April 2024, pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Vermont Superior Court, Environmental Division