Filed 12/05/24

VERMONT SUPERIOR COURT
Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-02775

| Nicholas Brock v. Nicholas Deml, et al |
|---|

## ENTRY REGARDING MOTIONS

Title:        Motion to Dismiss; Motion to Dismiss (Motion: 2; 3)
Filer:        Pamela Eaton; Brendan T. Sage
Filed Date:   August 08, 2024; October 03, 2024

In this case, plaintiff Nicholas Brock, an inmate in the custody of the Department of Corrections, is suing the Department and several of its employees, alleging that he was denied required medication, physically abused and harassed, retaliated against, and subjected to cruel and unusual punishment in violation of his constitutional rights.

Plaintiff's pro se complaint, dated July 5, 2024, alleges that he was subjected to a variety of mistreatment by the defendants over the past several years beginning from the time he was lodged at Northern State Correctional Facility on a parole violation and until the filing of this complaint, including while plaintiff was held at Northeast Regional Correctional Facility.

Defendants have filed two separate motions to dismiss—one with respect to plaintiff's medical claims submitted by the law firm contracted to defend such claims and a second motion with respect to plaintiff's other claims submitted by the Attorney General's Office. Both motions seek dismissal for lack of subject matter jurisdiction on the basis that plaintiff failed to exhaust his administrative remedies before filing suit. Plaintiff opposes dismissal but did not separately respond to the second motion.

On a motion to dismiss for lack of jurisdiction, the court accepts as true and construes all uncontroverted factual allegations in the complaint in the light most favorable to the nonmoving party and may consider evidence outside the pleadings. *Mullinnex v. Menard*, 2020 VT 33, ¶ 8, 212 Vt. 432.

"A trial court lacks subject matter jurisdiction to hear a case if a party fails to exhaust administrative remedies." *Id.* (quotation omitted). A prisoner bringing claims related to the conditions of his confinement accordingly must exhaust available administrative remedies *before* turning to the courts for relief. *See id.*, ¶ 14; *Jordan v. State Agency of Transp.*, 166 Vt. 509, 511 (1997). "Under the Prison Litigation Reform Act

(PLRA), 42 U.S.C. § 1997e(a), that same requirement also applies when a prisoner asserts a cause of action arising under the federal constitution. *Jackson v. Menard*, No. 179-3-17 Wnev, 2017 WL 11883466, at *1 (Vt. Super. Oct. 31, 2017) (citations omitted).

In order to exhaust administrative remedies in this context, plaintiff was required to file a grievance and then appeal any unsatisfactory response to the Commissioner. *See* DOC Policy 320, at p. 14-15. Further, any claim covered by Rule 75 of the Rules of Civil Procedure was required to be appealed to this court within thirty days of the Commissioner's final decision. *See* V.R.C.P. 75(c).

Defendants have provided the court with plaintiff's entire grievance record from the date of plaintiff's reincarceration at Northern State in November 2022 until the filing of his complaint. Plaintiff initiated many grievances during this period, but only ten of those were exhausted by having been appealed to the Commissioner. And of those ten, all but one resulted in a final decision from the Commissioner more than thirty days before plaintiff signed his complaint and are therefore untimely to the extent that they are covered by Rule 75. The other grievance was not exhausted until *after* plaintiff filed his complaint and is therefore not exhausted. *See Mullinnex*, 2020 VT 33, ¶¶ 16-18.[1]

The court therefore only has jurisdiction to the extent plaintiff's complaint was both (i) exhausted, *i.e.*, raised in one of his nine grievances that were decided by the Commissioner; and (ii) falls outside of Rule 75 and is otherwise timely. *See Middlebrooks v. Bradt*, 794 F. App'x 72, 74 (2d Cir. 2019) (statute of limitations for 1983 claims is governed by state law and tolled while prisoner is actively exhausting his administrative remedies); *Shields v. Gerhart*, 155 Vt. 141, 145 (1990) (recognizing three-year limitation period for § 1983 actions). Any claim must also be properly preserved. *See Pratt v. Pallito*, 2017 VT 22, ¶ 16, 204 Vt. 313 ("[T]o properly preserve an issue, a party must present the issue to the administrative agency with specificity and clarity in a manner which gives the agency a fair opportunity to rule on it. . . . [Courts will] not address issues that were not properly preserved before the relevant administrative agency." (quotations omitted)).

Construing his grievances and pleading favorably, as the court must, plaintiff has exhausted and preserved claims that his medical and legal records were confiscated and that he was transferred from Northern State to Northeast in retaliation for having engaged in protected activity in violation of his constitutional rights. *See* Grievance # 161587. He has also preserved and exhausted a claim that he was subjected to cruel and unusual punishment while in the Department's custody in violation of his constitutional rights. *See*

---

[1] This final grievance demonstrates the purpose of the exhaustion requirement, which "is designed to ensure that a grievance is fully explored and litigated before the administrative body possessing the pertinent experience and expertise in the subject area" in order "to preserve the authority of the administrative body, and to promote judicial efficiency." *See Mullinnex*, 2020 VT 33, ¶ 17. The issue raised by petitioner in this grievance—his access to video calls with his son—was fully resolved at the administrative level after the complaint was filed in this court.

Grievances ## 163215, 163216. These claims appear to be raised under Section 1983—not Rule 75—and therefore appear to be timely.

The court concludes only that it has subject matter to consider the claims that were fairly preserved and exhausted through the grievances cited above, as that is the only basis on which defendants have moved for dismissal. The court expresses no opinion on the merits of those claims. All other claims are dismissed for lack of subject matter jurisdiction.

## Order

Defendants' motion to dismiss plaintiff's medical claims (Motion 2) is GRANTED.

Defendants' motion to dismiss all other claims (Motion 3) is GRANTED IN PART AND DENIED IN PART as set forth above.

The clerk shall set this case for a status conference on plaintiff's remaining claims.

Electronically signed on: 12/5/2024 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge