VERMONT SUPERIOR COURT
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

ENVIRONMENTAL DIVISION
Docket No. 24-ENV-00035



| | |
|---|---|
| **Lake Bomoseen Association & LBPT Denial** | **DECISION ON MOTIONS** |

This is an appeal by Lindsey Waterhouse (Mr. Waterhouse) of a decision of the Vermont Agency of Natural Resources (ANR) denying an aquatic nuisance control individual permit application submitted by Lake Bomoseen Association, Lake Bomoseen Preservation Trust, and SOLitude Lake Management (together, Applicants) for the application of certain pesticides to Lake Bomoseen for the mitigation of Eurasian watermilfoil.

The following individuals are interested persons appearing before the Court as self-represented litigants: Clarence and Paula Beayon, Joanne Calvi, Lynn Gee, Janet Jones, Cynthia Moulton, Melinda Quinn, Robert Stannard, Jessica and Robert Steele, Allison Stetzel, Jody White and John Widness (together, Interested Persons). The Town of Fair Haven (Fair Haven) has also appeared as an interested party, represented by Kevin L. Kite, Esq. ANR has appeared and is represented by John Zaikowski, Esq. The Vermont Natural Resources Council (VNRC) initially sought so-called "For Informational Purposes Only" status in this matter, but has since moved to intervene, and is represented by Jon M. Groveman, Esq. Mr. Waterhouse is self-represented.

There are multiple motions presently before the Court. First, Mr. Stannard moves to dismiss the pending appeal due to insufficient service of process pursuant to Vermont Rules of Civil Procedure (V.R.C.P.) 12(b)(5). Mr. Waterhouse opposes Mr. Stannard's motion. Second, Mr. Waterhouse moves to dismiss Fair Haven on the grounds that they lack standing to appear before the Court. Fair Haven opposes the motion. Finally, VNRC moves to intervene in this matter. Mr. Waterhouse opposes VNRC's intervention.

<u>Discussion</u>[1]

**I.     Mr. Stannard's Motion to Dismiss for Insufficient Service of Process**

The motion to dismiss alleges that Mr. Waterhouse failed to timely comply with the Vermont Rules of Environmental Court Procedure (V.R.E.C.P.) Rule 5(b)(4)(B), which requires that an appellant publish a copy of its notice of appeal in a newspaper of general circulation in the area of the subject property not more than 14 days after service the notice of appeal.

The pending appeal was filed on April 30, 2024. As such, Mr. Waterhouse was obligated to comply with V.R.E.C.P. 5(b)(4)(B) on or before May 14, 2024. In responding to the pending motion, Mr. Waterhouse has provided a picture of the underlying notice of appeal published in the May 8 through 14, 2024 addition of The Mountain Times. While this Court is not familiar with the publication area of The Mountain Times, the Court understands that Mr. Waterhouse asserts that this publication is sufficient under Rule 5(b)(4)(B). Mr. Stannard does not respond to this additional evidence to dispute this assertion.

Further, pursuant to V.R.E.C.P. 5(b)(1), "[f]ailure of an appellant to take any step other than the timely filing of the notice of appeal does not affect the validity of the appeal but is grounds only for such action as the court deems appropriate." Because it is not disputed that the proffered publication was made, and for the foregoing reasons, Mr. Stannard's motion is **DENIED**.

**II.     Mr. Waterhouse's Motion to Dismiss Town of Fair Haven[2]**

The motion does not state what procedural rule it is being made pursuant to, but the Court interprets Mr. Waterhouse's motion to dismiss Fair Haven as one to dismiss it for lack of standing to appear before the Court. Because standing is an element of subject matter jurisdiction, we review a motion to dismiss for lack of standing pursuant to V.R.C.P. 12(b)(1). <u>Parker v. Town of Milton</u>, 169 Vt. 74, 76 (1998); V.R.C.P. 12(b)(1). When considering a Rule 12(b)(1) motion, we accept "all uncontroverted factual allegations . . . as true and construe [them] in the light most favorable to the

---

[1] This Decision addresses multiple motions, each of which are subject to unique legal standards and relevant factual backgrounds. Because of this, the Court addresses each motion separately and sets forth the applicable legal standards and any relevant factual background separately as well.

[2] On July 30, 2024, Mr. Waterhouse filed a motion for judgment related to his motion to dismiss Fair Haven on the grounds that it did not timely respond. In this motion, Mr. Waterhouse states that the time to respond to a motion to dismiss is set forth in V.R.C.P. 12(a)(1), which states that a party has 21 days to answer a complaint after service. See V.R.C.P. 12(a)(1). This is not the correct period to respond to a motion to dismiss. Pursuant to V.R.C.P. 7(b)(4), a memorandum in opposition to a dispositive motion, such as a motion to dismiss a party, must be filed not more than 30 days after service of the motion. Fair Haven's opposition to Mr. Waterhouse's motion to dismiss it was timely filed pursuant to Rule 7(b)(4). Thus, Mr. Waterhouse's July 30, 2024 motion for judgment is **DENIED**.

nonmoving party." Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245 (citing Jordan v. State Agency of Transp., 166 Vt. 509, 511 (1997)).

Fair Haven presents two grounds giving rise to its standing to appear as an interested person in this matter: either that it is a party by right or, functionally, a "person aggrieved" as defined by 10 V.S.A. § 8502(7).[3]

Mr. Waterhouse argues that Fair Haven lacks standing to appear before this Court as an interested party because Lake Bomoseen does not fall within its borders. He does not dispute, however, that Fair Haven hosts receiving waters from Lake Bomoseen within it's municipal boundaries. Fair Haven alleges that, if Mr. Waterhouse were to be successful in his appeal, pesticides would be applied to the lake and would pass through waters in Fair Haven. The Town asserts that such injury would be redressed by this Court in our de novo review by denying the application before the Court. Mr. Waterhouse does not dispute that Fair Haven hosts receiving waters from Lake Bomoseen. Instead, he disputes the merits of the alleged injury. This is not the standard to review Fair Haven's standing at. See Bennington Wal-Mart Demolition/Constr. Permit, No. 158-10-11 Vtec, slip op. at 10 n. 5 (Vt. Super. Ct. Envtl. Div. Apr. 24, 2012) (Walsh, J.) (citations omitted) (noting that this Court has specifically rejected the application of any "heightened evidentiary standard, more akin to a merits review" when considering a party's standing).[4] Fair Haven has sufficiently alleged an injury to its interests. As such, we conclude that Fair Haven constitutes a "person aggrieved" as defined by 10 V.S.A. § 8502(7) and, because of this, we need not determine whether the Town is a party by right.

To the extent that Mr. Waterhouse argues that Fair Haven must be dismissed because it failed to participate before ANR, this argument similarly must fail. First, Fair Haven is not an appellant in this matter. The requirement that a party must participate before the Secretary does not extend to a non-appealing party such as Fair Haven. Further, 10 V.S.A. § 8504(2)(A), upon which Mr. Waterhouse's argument appears to be based, simply states that the participation requirement is satisfied when a party "submitted to the Secretary a written comment during the comment period . . .." It is not disputed that Fair Haven submitted a letter to ANR in relation to the application, which ANR notes in the underlying decision. Mr. Waterhouse argues that this letter is "informal" and

---

[3] The Court interprets the thrust of Fair Haven's brief wherein it argues that ANR treated it as a party below to assert that Fair Haven is a "person aggrieved" under 10 V.S.A. § 8502(7). While Fair Haven supports its argument in this regard through Department of Environmental Conservation guidance documents, the Court believes it is more relevant to § 8502(7).

[4] While Bennington Wal-Mart concerned an Act 250 permit appeal, the Court finds its analysis regarding what standard to apply when reviewing a party's standing to appear before the Court relevant in the present context.

insufficient, but the assertion is without support. In any event, because Fair Haven is not an appellant in this matter, the Court need not conclude whether the letter constitutes valid participation.

Finally, Mr. Waterhouse appears to argue that Fair Haven lacks authority to participate in this matter. His argument is unclear, but he appears to assert that Fair Haven has exceeded its statutory authority in participating in this matter, either before ANR or before the Court. This argument is not supported by law. Pursuant to 10 V.S.A. § 8502(6), a "person" for the purposes of Chapter 220 is defined as including municipalities. "Person aggrieved" is defined as any qualifying "person." 10 V.S.A. § 8502(7). Chapter 220 is directly applicable to appeals arising under Chapter 50, such as the pending appeal. 10 V.S.A. § 8503(a)(1)(B). The Legislature clearly intended that municipalities may participate in proceedings related to aquatic nuisance control permits under Chapter 50 through Chapter 220. In re Bennington Sch., Inc., 2004 VT 6, ¶ 12, 176 Vt. 584 (mem.) ("When construing statutes, our primary goal is to give effect to the Legislature's intent.") (citation omitted). To follow Mr. Waterhouse's argument would render the provisions of Chapter 220 that include municipalities within the definition of "person" mere surplusage. In re Jenness, 2008 VT 117, ¶ 24, 185 Vt. 16 ("When possible we construe statutes to avoid rendering one part mere surplusage.") (citation omitted). As such, to the extent that Mr. Waterhouse argues that Fair Haven must be dismissed because the Town's participation in this action is outside of the scope of its authority, the Court disagrees.

For these reasons, Mr. Waterhouse's motion to dismiss Fair Haven is **DENIED**.

### III. VNRC's Motion to Intervene

VNRC moves to intervene in this matter pursuant to 10 V.S.A. § 8504(n)(4) or (6), which incorporates the standards for intervention under V.R.C.P. 24.

Pursuant to 10 V.S.A. §8504(n)(4), "[a]ny person may intervene in a pending appeal if that person: . . . (4) is a person aggrieved . . . [or] (6) meets the standard for intervention established by the Vermont Rules of Civil Procedure."

Like individuals, organizations must have standing to appeal in a matter. Parker v. Town of Milton, 169 Vt. 74, 78 (1998) (citing Hunt v. Washington State Apple Advr. Comm'n, 432 U.S. 333, 343 (1977). An organization will have standing to bring suit on behalf of its members when: (1) its members have standing individually; (2) the interests it asserts are germane to the organization's purpose; and (3) the claim and relief requested do not require the participation of individual members in the action. Hunt, 432 U.S. at 343. "An organization must show a concrete injury; an abstract

4

interest in the outcome of an adjudication is insufficient." Parker, 169 Vt. at 78 (citing Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 40 (1976)).

VNRC argues that it is a person aggrieved on behalf of its members and itself. It argues that its members have an interest in the water quality of the lake for recreational purposes and aesthetics. It asserts that it, generally as an organization, has an interest in the water quality of the lake. As such, VNRC members' interests are germane to VNRC's purpose. Further, there is no reason for individual members of VNRC to participate.[5] As such, VNRC constitutes a "person aggrieved" and may intervene in this matter pursuant to 10 V.S.A. § **8502(n)(4)**.

Mr. Waterhouse presents no grounds for this Court to deny VNRC's intervention under **§ 8502(n)(4).** Instead, Mr. Waterhouse seeks to apply rules relevant to would-be appellants to the motion. Standards for appealing a decision are not relevant in the context of the pending motion. Further, to the extent that Mr. Waterhouse argues that VNRC agrees with the decision on appeal such that they may not intervene, that similarly is not a factor under the 10 V.S.A. § 8502(n)(4) analysis.

Finally, to the extent that Mr. Waterhouse argues that VNRC's motion is untimely, the Court disagrees. The present appeal was filed on April 30, 2024. On May 23, 2024, Mr. Waterhouse filed a "brief," which purported to be his Statement of Questions, but was inconsistent with applicable rules and contained significant narrative and argument inconsistent with a Statement of Questions. While the Court understood the May 23, 2024 filing to be Mr. Waterhouse's attempted Statement of Questions, it was not a Statement of Questions. On June 12, 2024, VNRC filed a letter with the Court requesting so-called "For Informational Purposes Only" status. The Court held its initial status conference on July 8, 2024. VNRC did not attend. At this conference, the Court addressed the deficiencies in Mr. Waterhouse's "brief" and directed him to file an amended Statement of Questions consistent with this Court's procedural rules. Mr. Waterhouse filed his amended Statement of Questions on July 18, 2024. On July 31, 2024, VNRC filed its motion to intervene. While the motion was filed approximately 3 months after the appeal, it was filed only approximately 2 weeks after the operative Statement of Questions was filed. We therefore conclude the motion is timely.

Having concluded that VNRC is entitled to intervene pursuant to 10 V.S.A. § 8502(n)(4) on behalf of its members, we need not address its ability to appear as an organization in its own right, or

---

[5] To the extent that Mr. Waterhouse argues that VNRC need not intervene on behalf of its members because other parties in this action share the desire to deny the application, this assertion is not relevant in determining whether VNRC is entitled to intervene on behalf of its own members' interests pursuant to the applicable organizational standing standards and 10 V.S.A. § 8502(n)(4).

its ability to intervene pursuant to 10 V.S.A. § 8502(n)(6). For these reasons, VNRC's motion to intervene is **GRANTED**.

**Conclusion**

For the foregoing reasons, Mr. Stannard's motion to dismiss the appeal is **DENIED.** Mr. Waterhouse's motion to dismiss the Town of Fair Haven is **DENIED**. VNRC's motion to intervene is **GRANTED**.

In reviewing the pending motions, the Court discovered that none of the applicants are presently before the Court. The Court would expect that these parties were served with the pending appeal in accordance with V.R.E.C.P. 5(b)(4), as applicants are parties by right under 10 V.S.A. § 8502(5) and service of the notice of appeal on them is required. If so, due to their failure to appear in this matter, it would appear that they have declined to pursue this application by seeking an appeal, supporting Mr. Waterhouse's appeal, or otherwise challenging ANR's decision below. If this is the case, the Court is unsure how Mr. Waterhouse, an individual appearing to have no relation to the applicants and not appearing on their behalf, can maintain an appeal of a permit denial that applicants do not challenge.

Concurrent with this Decision, this Court sets this matter for a **1-**hour remote hearing, to occur via the WebEx platform, to address this issue and Mr. Waterhouse's ability to maintain the pending action.

Electronically signed September 19, 2024 pursuant to V.R.E.F. 9(D).

Tom Walsh

Thomas G. Walsh, Judge
Superior Court, Environmental Division

6